ALICE WILLIAMS ET AL., APPELLANTS, VS. JACKSONVILLE, TAMPA AND KEY WEST RAILWAY COMPANY, APPELLEE.

1. When an appeal has been dismissed on motion of the appellee, and because no final judgment has been entered in the lower court, the subsequent entry of judgment in the lower court, *nunc pro tunc*, is no ground for vacating the order of dismissal and reinstating the cause in the appellate court.

Appeal from the Circuit Court for Duval county.

Motion to reinstate appeal.

The facts of the case are stated in the opinion of the court.

*R. B. Hilton* for the motion.

*Robert W. Davis, contra.*

RANEY, C. J.: Motion is made by the first named parties to vacate an order entered at the present term dismissing an appeal which had been taken by them, and to reinstate the cause upon our docket on filing a copy of the final judgment entered *nunc pro tunc* in the Circuit Court.

The appeal was dismissed because the transcript of the record did not show, nor had there in fact been, an entry of judgment of non-suit in the lower court. The correctness of this dismissal is beyond question. It appears now that

since we dismissed the appeal Williams *et al.* have procured the entry of a judgment of non-suit *nunc pro tunc.* This entry was made on the 7th day of February last, as of the 22d day of May, A. D. 1888.

Upon the doctrine that as between the parties, entries of judgments *nunc pro tunc* speak as of the day upon which the judgment was pronounced, we are urged to vacate our former action and reinstate the case upon our docket.

There was no error in our dismissal of the appeal. We gave time to ascertain if there had been an entry of a non-suit upon the records of the court below, and it was found that there had not been any, and not till then was our order entered or made effective. This order did away with the appeal, adjudicating it to be illegal. The subsequent entry of the judgment of non-suit is no ground for vacating this order, but is an admission of the correctness of our understanding of the premises as they existed. If it were shown now that there were any facts existing at the time of such order, which, though then unknown to us, would render the action taken by us untenable either as exercising a discretion or enforcing an arbitrary rule of law, there might be reason for reinstating the appeal, but no such showing is made.

The railroad company was entitled to have the appeal dismissed, and it resists the present motion ; and we see no ground to justify our vacating an order giving the company a clear legal right.

Even if it be that the time for appealing began to run before the actual entry of the *non-suit*, the time within which a writ of error can be brought is two years, and it has not yet been one year since the day as of which the entry *nunc pro tunc* (May 8th, 1888,) was made.

The motion is denied.