83 So.2d 779 (1955)
Ivan I. BRANNON, Jr., Appellant,
v.
Edith M. JOHNSTON, Appellee.
Supreme Court of Florida. Special Division B.
December 7, 1955.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellant.
Davant, Letts & White, Miami, for appellee.
THORNAL, Justice.
Appellant Brannon was defendant in an automobile negligence case in which the trial Judge entered an order finding that the appellant was guilty of negligence and specifically ordering "that at the trial of this Cause the only matter in issue will be the damages" suffered by the appellee Johnston, who was plaintiff below. From this order which was entered on a motion for summary judgment, the appellant appeals contending that the order is sufficiently final in nature to support an appeal.
Appellee moves to dismiss the appeal contending that the order was interlocutory and that no appeal will lie until appropriate *780 disposition has been made of all issues in the cause.
The motion to dismiss the appeal is granted on the ground stated. Rule 1.36(c) of our Rules of Civil Procedure, 30 F.S.A., reads in part as follows:
"* * * A summary judgment or decree, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)
By this rule we recognize the interlocutory nature of the order from which the appeal before us was perfected.
Unless provision is made by Rule or Statute for an appeal from an interlocutory order, it is the general rule to which we have consistently adhered that an appeal will lie only from a final judgment or decree. See Martin v. Meyer, Fla. 1953, 68 So.2d 597; and Cone v. Benjamin, 142 Fla. 604, 195 So. 416.
Consistent with our previous holdings, it is clear that in the case before us the judicial labor has not been completed, the order appealed from is clearly interlocutory in character and will, therefore, not support the appeal taken.
The motion to dismiss the appeal is, therefore, granted and appellant's motion for a supersedeas is denied.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.