99 So.2d 719 (1958)
Sally RENARD, Appellant,
v.
KIRKEBY HOTELS, Inc., a Florida corporation, Appellee.
No. 57-156.
District Court of Appeal of Florida. Third District.
January 13, 1958.
Rehearing Denied February 7, 1958.
*720 Daniel Sepler and Robert M. Palmer, Hialeah, for appellant
Dixon, DeJarnette, Bradford & Williams, and James A. Dixon, Jr., Miami, for appellee.
HORTON, Judge.
The appeal in this cause is from an "Order Granting Motion for Summary Judgment" entered on August 22, 1957, in a common law action. The pertinent portion of the aforementioned order is as follows:
"Ordered, adjudged and decreed that defendant's motion for summary judgment be and the same is hereby granted."
The appellee has moved to dismiss the appeal on three grounds, but the court deems it necessary to consider and decide only the first point raised by the appellee  that the order appealed from is not a final judgment.
Apparently, the first case in which this question arose was Gates v. Hayner, 1886, 22 Fla. 325. There was an entry of "demurrer sustained" on a demurrer to a declaration in a common law action. The court in that case held that the words "demurrer sustained" were but an order for judgment and not a judgment from which an appeal would lie. Thereafter, in Carlson v. Ziehme, 51 Fla. 226, 40 So. 502, the court was confronted with a writ of error taken from an order "that the plaintiff do recover judgment of the defendants, and that the clerk upon the filing of the proper proofs do enter the same" and a further recital that "the plaintiff filed proofs, and the clerk entered up judgment against the defendants in favor of the plaintiff in the sum of $133.20 principal and $29.49 costs." The Supreme Court there said that the aforementioned did not constitute a final judgment that would support a writ of error. Again, the court, in Pensacola Bank & Trust Company v. National Bank of St. Petersburg, 58 Fla. 340, 50 So. 414, considered a writ of error based on an entry following a verdict and a recitation that judgment was rendered for the defendant together with his costs, and held that such an entry was not a final judgment sufficient to support review by writ of error. In Milteer v. Seaboard Air Line Railway Co., 65 Fla. 357, 61 So. 749, the general rule was adhered to by holding that an order for a final judgment for the defendant followed by a judgment for costs was not such a final judgment as to support a writ of error. A much similar opinion was expressed in Young v. Lassiter, 87 Fla. 445, 100 So. 362. In Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561, 562, the Supreme Court held that an entry "judgment is hereby rendered herein for the defendant" is not the equivalent of the entry that the plaintiff "take nothing by his suit, and that the defendant go hence without day" and that the entry first above quoted was not such a final judgment as would warrant review by writ of error.
Review of a summary judgment as to liability only was sought by direct appeal in Brannon v. Johnston, Fla. 1955, 83 So.2d 779, 780. The summary judgment as to liability provided that the only matter in issue at the trial would be the plaintiff's damages. The Supreme Court held that such an order was interlocutory and not sufficiently final in nature to support an appeal. A motion *721 to dismiss the appeal was sustained and in so doing, the court said:
"Unless provision is made by Rule or Statute for an appeal from an interlocutory order, it is the general rule to which we have consistently adhered that an appeal will lie only from a final judgment or decree."
The rule set out herein, followed by the Supreme Court of Florida seems to be substantially in accord with Federal decisions which have held that an order granting a motion to dismiss a complaint, but not actually dismissing it, is not a final decision within the meaning of 28 U.S.C.A. § 1291, and therefore is not appealable. See Turnbull v. Cyr, 9 Cir., 184 F.2d 117 and cases cited therein.
Rule 3.2(b) of the Florida Appellate Rules provides:
"Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules." (Emphasis supplied.)
Florida Appellate Rule 4.2(a) further provides:
"Appeals from interlocutory orders or decrees in equity, orders or decrees entered after final decree, and orders at common law relating to venue or jurisdiction over the person, may be prosecuted in accordance with this rule; * * *." (Emphasis supplied.)
It becomes obvious not only from the decisions bearing on the question but from the Appellate Rules themselves that no provision is made or exists for the review of an interlocutory order in a common law action except those which are specifically provided for under the aforementioned rule. An examination of the order sought to be reviewed conclusively shows that it is not one of the orders contemplated under Rule 4.2(a) supra, and therefore is not subject to review. The motion of the appellee to dismiss the appeal should be, and it is hereby granted.
Appeal dismissed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.