104 So.2d 473 (1958)
Irene Emma BAKER, Appellant,
v.
Sherman L. COLLEY and Mildred L. Colley, Appellees.
No. 508.
District Court of Appeal of Florida. Second District.
July 16, 1958.
K.K. McRoyan, Thomas H. Stokes, Sarasota, for appellant.
Macfarlane, Ferguson, Allison & Kelly, Charles F. Clark, Tampa, for appellee.
ALLEN, Acting Chief Judge.
This is an appeal from an order granting a motion to dismiss and a motion to strike the complaint in a negligence action. Irene Emma Baker sued Sherman L. Colley and Mildred L. Colley, husband and wife, for injuries received while an invitee on defendants' premises. Such injuries resulted when a cat owned and kept by defendants became excited in the presence of plaintiff's small dog and jumped against plaintiff, knocking her down. Plaintiff appeals.
We are precluded in this case from deciding the relative merits of pet dogs and pet cats by the form of the order entered by the trial court, which was as follows:
"Ordered, and Adjudged that said Motion to Dismiss and said Motion to Strike be, and the same are hereby granted."
31 F.S.A.Florida Appellate Rule 3.2(b) provides:
"Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed form, unless some other period of time for taking an appeal is specifically provided by statute or these rules."
The above order was not a final judgment, therefore the appellant could not take an appeal therefrom. Since this is a question of jurisdiction, the court must, ex mero motu, dismiss the appeal in this case.
In the case of Catchings v. Florida-McCracken Concrete Pipe Co., 1931, 101 Fla. 792, 135 So. 561, 562, the Supreme Court held that an order that "judgment is hereby rendered herein for the defendant", is *474 not the equivalent of an order that the plaintiff "take nothing by his suit, and that the defendant go hence without day", and that the order was not such a final judgment as would warrant review by writ of error.
In the case of Renard v. Kirkeby Hotels, Inc., Fla.App. 1958, 99 So.2d 719, the District Court of Appeals, Third District, held that an order granting a motion for summary judgment in a common law action was not a final judgment and subject to review on appeal.
In the case of Brannon v. Johnston, Fla. 1955, 83 So.2d 779, the circuit court, in a negligence action on motion for summary judgment, entered an order which found the defendant guilty of negligence and provided that the only matter in issue at trial would be plaintiff's damages. From that order the defendant appealed; and the Supreme Court held that the order was interlocutory and that no appeal would lie until appropriate disposition had been made of all issues in the cause, and dismissed the appeal.
Therefore, since in the case before us the order appealed from is interlocutory in character in a common law case, the appeal must be dismissed.
SHANNON, J. and MORROW, R.O., A.J., concur.