ALLEN, Acting Chief Judge.
This is an appeal from an order granting a motion to dismiss the complaint in a common law action. Herpel, Incorporated,, had sued Ann Pfundston for making certain allegedly slanderous remarks about: plaintiff. On defendant’s motion to dis *621 miss, the trial judge entered an order granting such motion. Plaintiff appeals.
'We will not allude further in this opinion to the merits of appeal, as the court must ex mero motu dismiss the appeal.
The motion to dismiss was granted by the following order:
“This cause was duly presented by counsel after notice, and upon consideration thereof, It Is Ordered and Adjudged that defendant’s motion, filed June 4, 1957, to dismiss, is granted. It is the view of the Court that the spoken words described in the complaint are not actionable per se.
“Copy furnished counsel
“Done and Ordered this July 22nd, A.D.1957.”
Plaintiff, on July 24, 1957, filed a motion to amend the above order by either denying defendant’s motion, granting plaintiff leave to amend or granting plaintiff a new trial. This motion was granted, in part, by order dated August 12, 1957, in that leave to amend was given. Notice of appeal was filed August 14, which notice of appeal described the order of July 22, 1957. August 15, 1957, the following order was filed:
“It appearing to the Court that plaintiff's motion for leave to amend its complaint had been withdrawn with leave of the Court prior to the entry of the order of this Court of August 12, 1957, it is therefore
“Ordered and Adjudged that the order of this Court dated August 12, 1957 be, and the same hereby is, set aside and vacated to the extent it grants plaintiff leave to amend its complaint herein, and accordingly this cause stands dismissed with prejudice by the order of this Court of July 22, 1957.
“Done and Ordered this 15th day of August, 1957.”
The appellant did not appeal from the order of the Court entered the 15th day of August, 1957. Contention is made, however, that this order had the effect of making a final judgment of the order entered July 22, 1957. It will further be noted that the appeal was entered August 14th and directed to the order of July 22, 1957.
In the case of Pittsburg Steel Co. v. Streety, 1910, 60 Fla. 183, 53 So. 505, a verdict was entered, and a judgment was rendered on the verdict but not entered by the clerk. A writ of error. was issued. Then the plaintiff in error presented a certified copy of a recorded final judgment entered nunc pro tunc and dated subsequent to the writ. The Supreme Court, in its opinion, said:
“The writ of error purports to be issued to a final judgment; but, if there was no final judgment in existence when the writ of error was issued, it is ineffectual, and cannot be used to bring to the appellate court for review a final judgment nunc pro tunc subsequently rendered. A judgment in an action at law is rendered where it is entered or recorded in the minutes of the court during term time, or when in vacation it is put in form for such entry or record and is signed by the judge.”
See also Williams et al. v. Jacksonville, T. & K. W. Ry. Co., 1889, 25 Fla. 359, 5 So. 847; Renard v. Kirkeby Hotels, Inc., Fla.App.1958, 99 So.2d 719; and Brannon v. Johnston, Fla.1955, 83 So.2d 779.
We conclude that the order appealed from was not a final judgment, and that the appeal will have to be, and is, dismissed.
Appeal dismissed.
SHANNON, J., and GERÁLD, LYNN, A. J., concur.