118 So.2d 33 (1960)
Holland H. CHASTAIN, As Next Friend and Natural Guardian of Harold J. Chastain, a Minor, Appellant,
v.
Floyd R. EMBRY and State Farm Mutual Automobile Insurance Company, Inc., an Illinois Corporation, and Berdie Mae Adkins, Appellees.
No. 1356.
District Court of Appeal of Florida. Second District.
February 24, 1960.
William K. Chester, Palm Beach, for appellant.
O'Connell & Cooper, West Palm Beach, for appellees, Floyd R. Embry and State Farm Mut. Automobile Ins. Co., Inc.
Hamilton, Nason & Williams, West Palm Beach, for appellee, Berdie Mae Adkins.
KANNER, Judge.
Appellant sought to recover damages from the appellees, predicating his right to recovery upon an alleged oral agreement for issuance of an automobile liability insurance policy by the appellee insurance company to Harold J. Chastain, a minor. The action thus brought is one at law. A motion for summary judgment filed by the appellees was granted by the trial judge. The pertinent part of his order reads, "It is ordered and adjudged that defendant's motion, filed February 25, 1959, for summary judgment, is granted." The appeal is from this order.
Appellees have not raised the question that the decision appealed is not a final order or judgment. We raise it sua sponte.
The traditional words to form a final judgment at law wherein the decision is for a defendant have not been employed, nor have any words been used to create a judgment of finality. Rather, the trial judge, through the language utilized in the order from which the appeal has ensued, granted the motion for summary judgment and did not go beyond this by entering a judgment consequent upon the granting of the motion. In other words, the order was the basis authorizing an entry of final judgment, but did not, of itself, constitute such a judgment. It is obvious, therefore, that the order under consideration is not final, but interlocutory.
*34 An interlocutory order at common law is only appealable when it relates to venue or jurisdiction over the person; and when such is not the case, an appeal must be from a final decision, order, or judgment, in the absence of a provision by rule or statute otherwise authorizing an appeal from an interlocutory order. See Greyhound Corporation v. Kelly, Fla.App. 1958, 104 So.2d 471; Renard v. Kirkeby Hotels, Inc., Fla. App. 1958, 99 So.2d 719; Brannon v. Johnston, Fla. 1955, 83 So.2d 779; and Rules 3.2(b) and 4.2, Florida Appellate Rules, 31 F.S.A. The appeal does not concern venue or jurisdiction over the person. Since there is no statute which applies and since there is no other rule to take this appeal from under the interlocutory appeal provisions, it must be dismissed.
Appeal dismissed.
ALLEN, Chief Judge, and STEPHENSON, GUNTER, Associate Judge, concur.