CARROLL, CHAS., Judge.
 The appellant Louis Mitchell filed a petition in the circuit court in Dade County to dissolve the defendant non-profit corporation, of which he was a member, alleging it had ceased to function, had an aging and dwindling membership and had as its only asset certain cash in excess of $50,000, being the proceeds received two years earlier when its club house was disposed of. A motion to dismiss filed by the defendant corporation was granted, and this appeal is from that interlocutory order.[1] Although final in form, we treat the appeal as interlocutory.
Assuming but not deciding that the allegations were sufficient to show the corporation to be defunct, the statute relating to dissolution of such corporations, § 617.-05, Fla.Stat., F.S.A., as it stood on July 2, 1959, when the petition was filed, made provision for dissolution only through the action of the corporation. A 1959 amendment to that section of the statute and other sections relating to corporations not for profit (Chapter 59-427, Laws of Fla., 1959) conferring jurisdiction on courts of equity to dissolve defunct corporations at the suit of “any person”, which might have been availed of in such instance, was not made effective until September 1, 1959.
In the absence of statute permitting dissolution of the allegedly defunct corporation at the suit of a member, and absent any allegations of fraud or collusion, or of *230 facts sufficiently charging that the corporation has been guilty of acts for which its charter should be terminated, the learned chancellor was not in error in granting the motion to dismiss.[2]
Under the circumstances it would appear that the final decree or order dismissing the cause, when it is made, should be without prejudice.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. An order which does not expressly dismiss a complaint or a cause, but which only grants a motion to dismiss, is interlocutory and not final. Baker v. Colley, Fla.App.1958, 104 So.2d 473; Schwertfeger v. Constant, Fla.App.1959, 109 So.2d 173.

. Compare Clearwater Citrus Growers Ass’n v. Andrews, 81 Fla. 299, 87 So. 903. See generally, Barkin, Deadlock and Dissolution in Florida Closed Corporations: Litigating and Planning, 13 U.Miami L.Rev. 395, 399 (1959).