PER CURIAM.
The appellant was the plaintiff in the trial •court below and the appellees were the defendants below. This action was commenced by plaintiff filing an action for an injunction to restrain the defendants from terminating the plaintiff’s hospital privileges. The defendants filed a motion to dissolve the temporary injunction, moved to dismiss for failure to state a cause of action and answered the complaint. The lower court dissolved the temporary injunction, set the date for final hearing on the merits and set the date for a pre-trial conference as January 26, 1961. The court denied the motion to dismiss the complaint but no written order was entered in the •cause.
Subsequently, on a hearing on the merits, the court announced it was granting the motion to dismiss the complaint concluding that no good purpose would be served by taking voluminous testimony in the case.
The appeal papers filed in this court show .a transcript of certain portions of the trial, which was certified by the deputy court reporter, to the effect that the “foregoing pages 1 to 5; inclusive, constitute a true transcript of that portion of the trial of the above styled causes, held at the time and place set forth herein.” Preceding this certificate appears the signature of the trial judge.
Practically all of that part of the record that is supposed to be the final judgment in this case is a discussion of law on the ruling •of the Florida Supreme Court in the case of West Coast Hospital Ass’n v. Hoare, 64 So.2d 293.
We have read this order and the only portion that could be considered a judgment is where the court stated on page 410 of the transcript:
“ * * * The Court is going to grant the Defendants’ Motion to Dismiss in both of these cases, 21645 and 21663, with prejudice.”
After this announcement one of the counsel asked the court to have incorporated in that ruling an additional ruling, “first of all are you ruling that the Hoare case was the sole authority governing this case ?” Thereupon the following appears in the order:
“The Court: Right.
“Mr. Stromire: All right. Are you ruling that any violation of the by-laws which have been proved, or may be proved, have no bearing on the outcome of this case?
“Mr. Holland: I object to that question being put to the Court, Your Hon- or, I don’t think it is necessary- — ■
“Mr. Conrad: We are asking for rulings—
“Mr. Plolland: And I am objecting to it.
“The Court: I have just granted the Motion to Dismiss this suit on the grounds stated in the Motion to Dismiss, as I have said, I am relying on a literal interpretation of the paragraph which is numbered 11, 12, because I believe — just as a result from listening to the testimony — that they meant lower courts to give it a literal interpretation. If that is not what they meant, I want it to be tested before we proceed any further.”
Under this part of the order appears the following :
“April 6, 1961. Volie A. Williams, Jr.
Circuit Judge.”
Underneath this signature is the certificate of the court reporter with reference to the foregoing pages 1 to 5 being a portion of the trial in the above entitled cause.
Apparently from the record in this case the court announced that it would dismiss the suit on the ground stated in the motion to dismiss. The motion to dismiss, as above stated, was on the sole ground that the complaint did not state a cause of action.
*534 We must hold in this case sua sponte that the appeal be dismissed in the absence of a final judgment appearing herein on which it can be predicated.
Appeal dismissed.
ALLEN, Acting C. J., and KANNER and SMITH, JJ., concur.