166 So.2d 680 (1964)
WASHINGTON SECURITY CO., Appellant,
v.
TRACY'S PLUMBING & PUMPS, INC., Tracy Plumbing and Pump Corporation, Appellees.
No. 4542.
District Court of Appeal of Florida. Second District.
August 5, 1964.
*681 M.W. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellant.
Carl L. Thompson, Jr., Orlando, for appellees.
WHITE, Judge.
The appellant plaintiff sought a decree which would subrogate its mortgage to a prior mortgage and decree it superior to an intervening judgment obtained by the defendant materialman whose claim the plaintiff offered to pay in full. Upon the granting of motion to dismiss the complaint, the plaintiff entered timely appeal but followed the plenary procedure as distinguished from interlocutory.
Thus, before getting to the merits we encounter a hurdle of a jurisdictional nature deriving from varying applications of the appellate rules. These variations stem from the differences between appeals in law and equity or chancery cases and the distinctions drawn between interlocutory and final orders with respect to their appealability  and the extent to which the courts have either implemented or relaxed the pertinent rules in particular instances.
Plaintiff's full appeal was from a chancery order which merely granted the defendant's motion to dismiss the complaint *682 "with leave to amend." The order neither dismissed the cause nor set a time limit for amendment. The record reflects no formal election not to amend, and there was no disposition of the cause in terms of finality at any time prior to the filing of the notice of appeal.
This court has held that an order merely granting a motion to dismiss a complaint is interlocutory[1] and may not be made subject to a full appeal whether it be in chancery or at law. In Thatcher v. Sullivan, Fla.App. 1962, 138 So.2d 532, an equity suit, the chancellor announced that he was going to grant the defendant's motion to dismiss with prejudice. The plaintiff appealed and this court dismissed the appeal sua sponte in the absence of a final judgment on which it could be based. As to actions at law this court has held that orders merely dismissing the complaint without dismissing the cause lack the finality requisite to full appeal.[2] Altiere v. The Atlantic National Bank of West Palm Beach, Fla.App. 1963, 155 So.2d 386; Weinmann v. Ligon, Fla. App. 1958, 105 So.2d 204; Baker v. Colley, Fla.App. 1958, 104 So.2d 473; Herpel, Inc. v. Pfundston, Fla.App. 1958, 104 So.2d 620. The Third District Court of Appeal has held likewise in Shotkin v. Deehl, Fla.App. 1963, 148 So.2d 538, (Law); cf. Mitchell v. Italian-American Club, Fla.App. 1960, 122 So.2d 228 (Chancery). The character of the order remains interlocutory whether granted at law or in chancery, and we have dismissed plenary appeals improperly taken from interlocutory orders. See e.g. Finneran v. Finneran, Fla.App. 1962, 137 So.2d 844, cert. den. 150 So.2d 444; Rules 3.2(b) and 4.2 Florida Appellate Rules, 31 F.S.A.
The Third District Court of Appeal has reached interesting conclusions. In Womack v. Goldberg, Fla.App. 1960, 117 So.2d 758, a law action, the trial court granted a motion to dismiss with leave to amend within fifteen days. The plaintiff elected not to amend and later obtained a formal order dismissing the complaint "without day" which was made subject to the notice of appeal. In dismissing the appeal as untimely the majority held that because of its final form and content the initial order granting the motion was the appealable "final order" and not the subsequent order, notwithstanding the fact that the initial order of dismissal was "with leave to amend."[3] Judge Pearson's dissent stated, among other things, that the point had been determined contrarily by the Second District Court of Appeal in Shaw v. Hill, Fla.App. 1959, 114 So.2d 721.
The Womack decision, supra, would appear to have projected a vexful conflict had it not been for the import of later decisions of the same court in Shotkin v. Deehl, Fla. App. 1963, 148 So.2d 538, also a law action, and Mitchell v. Italian-American Club, Fla. App. 1960, 122 So.2d 228, a chancery suit. Incidentally the Womack case, a law action as stated, has recently been cited with approval by the First District Court of Appeal in Shute v. Keystone State Bank, Fla.App. 1963, 159 So.2d 106, an equity case.
In the Shute case the plaintiff improperly brought an interlocutory appeal from a summary *683 final decree in favor of two of the four defendants.[4] The court noted the impropriety but, in its discretion, chose to treat the appeal as plenary despite the fact that a full appeal requires the presence of a record on appeal which normally is not furnished interlocutory appeal. Rule 4.2 (d) Florida Appellate Rules. In a converse situation the First District Court of Appeal treated a full appeal as interlocutory in Crepaldi v. Wagner, Fla.App. 1961, 128 So.2d 759. However, the same court in Shannon v. Shannon, Fla.App. 1962, 136 So.2d 253, 256 stated:
"* * * the only jurisdiction possessed by a District Court of Appeal to review an interlocutory order entered in a suit in equity, whether entered before or after final decree, is in accordance with the procedure prescribed by the Supreme Court and contained in Rule 4.2, Florida Appellate Rules, relating to interlocutory appeals."
The court in Shannon nevertheless went on to hold that an interlocutory order entered subsequent to final decree which is so final in nature as to partake of the character of a final decree may be entertained on full appeal.
The precise question considered here arose in the Third District Court of Appeal in Mitchell v. Italian-American Club, supra. Full appeal was taken from an interlocutory order granting a motion to dismiss the chancery suit. The court held that full appeal was improper, but treated the appeal as interlocutory. On this point it is fitting that we attempt at least a partial clarification of the obfuscation[5] created by us and company  and hold that this case should follow the Mitchell decision just cited.
The plaintiff here, as stated, brought a full appeal from an interlocutory order in chancery granting a motion to dismiss the complaint. Plaintiff could have pursued an interlocutory appeal under Rule 4.2 F.A.R. or, upon obtaining a definitely final decree, could have brought a full appeal under Rule 3.2 F.A.R. The plaintiff did neither, but in our discretion we treat the appeal as interlocutory because: (1) Progress of this case did not go beyond the complaint and therefore we would have the very same appeal papers before us under either type of appeal except that on interlocutory appeal the complaint would be in an appendix to appellant's brief rather than in a record on appeal. Rule 4.2(d) F.A.R.; and (2) Dismissal of this appeal would occasion only expense and delay inasmuch as plaintiff would merely be required to obtain a final decree and file another notice of appeal in accordance with Rule 3.2 F.A.R.[6] We therefore do not apply the Finneran decision, supra, but entertain this appeal as though the interlocutory appeal procedure had been followed. We do not flatly renounce the Finneran decision, and our action here is not to be construed as meaning that in the converse situation we would treat an improperly filed interlocutory appeal as plenary where we would not have the benefit of a certified record on appeal.
Getting to the merits, it appears in substance from the amended complaint that on 28 March 1960 Park Manor Development Company executed and delivered to Citizens National Bank in Orlando a note for $211,450.00 secured by a mortgage on 45 lots. This appeal concerns two of said lots. On the same date aforesaid Park Manor Development Company, Inc. conveyed the two lots to Park Manor Construction Company by deed recorded 13 April 1960. On 3 *684 April 1962 Tracy's Plumbing & Pump Company obtained a judgment against Park Manor Construction Company in the amount of $2,686.03 recorded 19 April 1962. In May 1962 Park Manor Construction Company conveyed the lots in question to F. & S. Construction Corporation which thereafter sold them separately.
The first lot, being lot 8, Block E. Park Manor Estates, section 1, was sold by F. & S. Construction Corporation to Joseph Franklin Smith and wife by deed of 24 September 1962. On the same date plaintiff Washington Security Company loaned $11,000.00 to the Smiths for the purpose of discharging, as to said lot, the first mortgage to Citizens National Bank pursuant to agreement that Washington Security Company would in turn have the first mortgage on the lot. Plaintiff alleges that the mortgagors represented that there were no prior liens on the lot, and plaintiff alleges that it had no knowledge of any outstanding lien and that the proceeds of the loan were in fact used for the agreed purpose of discharging the pre-existing first mortgage as to said lot.
Similarly on 13 July 1962 the second lot, being lot 27, Block A, Park Manor Estates, section 1, was conveyed by F. & S. Construction Company to Leo England and wife. On the same date the Englands delivered to plaintiff Washington Security Company their mortgage for $10,950.00 pursuant to agreement that the loan secured thereby would be used for the purpose of discharging the pre-existing first mortgage so that plaintiff would have a first mortgage. It was alleged, as in the case of the first lot, that the mortgagors represented that there were no prior liens on the lot, and plaintiff alleged it had no knowledge of any prior liens and that the loan was in fact used for the agreed purpose. Since England and wife did not join as parties plaintiff they were named parties defendant in plaintiff's suit.
As previously noted, defendant Tracy's Plumbing & Pump, Inc.'s $2,686.03 judgment against Park Manor Construction Company was subordinate to the mortgage held by Citizens National Bank, the first and original mortgagee. Writ of execution on the judgment was issued, and on 18 February 1963 the two lots were sold by the sheriff to the highest bidder  which happened to be the judgment creditor, defendant Tracy's Plumbing & Pump Company, Inc.  for $3,000.00. The sheriff's deed was delivered and recorded 20 February 1963.
On the date of the sheriff's sale the two improved lots are alleged to have been worth in excess of $20,000.00. The complaint alleges that on the date of the levy of execution Park Manor Construction Company, Inc. had no interest in the lots and that the sheriff's sale failed to pass title to the grantee. Plaintiff further alleges that neither it nor purchasers Smith and England were parties to the defendant's action against Park Manor Construction Company, Inc. or to the proceedings supplemental to judgment, and that if the cloud cast by the sheriff's sale is permitted to stand the plaintiff will be deprived of its property without due process of law.
Plaintiff alleges that it has offered to do equity by tendering the amount of defendant's judgment plus interest and costs in full satisfaction, but that the defendant refuses the offer and threatens to remove the present occupants from the improved properties; that the defendant demands $20,000.00 for satisfaction of its judgment of $2,286.03, which demand the plaintiff asserts is unreasonable. Alleging inadequacy of remedy at law, the plaintiff prays that the chancellor determine the interests of the parties, declare the levy of execution void, set aside the sheriff's sale and deed, determine the amount necessary to satisfy the defendant's judgment, declare the mortgage to plaintiffs to be prior to the lien and claim of said defendant; and grant such further equitable relief as may be proper.
Plaintiff raises substantially the following points on appeal: (1) Is the plaintiff as holder of a mortgage, the loan proceeds *685 of which were advanced and used for the purpose of discharging a prior mortgage, entitled to be subrogated to the rights of the prior mortgagee as against the intervening lienor, and (2) does the amended complaint state a cause cognizable in equity?
Each party by brief attempts to raise matters not comprehended in the complaint. A complaint must stand or fall on the allegations as pleaded, and on motion to dismiss it must be assumed that the well-pleaded facts are true. Finneran v. City of Lake Worth, Fla.App. 1963, 152 So.2d 501. Argument partaking of the character of defensive matters in pais may not be heard on motion to dismiss the complaint. Carson v. City of Fort Lauderdale, Fla.App. 1963, 155 So.2d 620, 623.
The defendant submits that the plaintiff mortgagee intervenes as a volunteer for the parties in possession; that plaintiff had notice of the judgment and constructive notice of the sheriff's sale; that this plaintiff's negligence in failing to protect itself precludes equitable relief; and that inadequacy of the sheriff's sale price was not so gross as to invoke equitable relief.
Plaintiff's brief denies knowledge of defendant's lien and this is consistent with averments of the complaint. The question is Ksimply whether the complaint is sufficient to withstand the motion. Whether or not the plaintiff can prove its case on the premises alleged is another matter since the purpose of a complaint is to state a cause of action and not to prove it.
We conclude that the allegations, as pleaded, are sufficient to withstand the motion to dismiss and to call for responsive pleadings and further equitable consideration under one or both of the theories advanced. Where one intentionally lends money to discharge a first mortgage pursuant to agreement with the mortgagor that the lender shall be subrogated to the rights of the first mortgagee, the lender may, in order to prevent unjust enrichment, be subrogated to the rights of the first mortgagee notwithstanding an outstanding lien of which the lender is ignorant  provided no inequity results. See Federal Land Bank of Columbia v. Godwin, 1932, 107 Fla. 537, 546, 145 So. 883.
Plaintiff offered to do equity by tendering the full amount of defendant's judgment plus interest and costs. The sheriff's sale price of $3,000.00 was less than 14% of the alleged value of the property as evidenced by mortgage loans approximating $22,000.00. In taking the improved lots at $3,000.00 for its $2,686.03 claim, the defendant would receive a windfall exceeding $19,000.00 or over 700% prospective profit on its judgment. Plaintiff alleges that neither it nor the parties in possession were notified or made parties to said sale.
We are impressed with the argument that the granting of the relief sought would restore the status quo of the parties immediately preceding the sheriff's sale while guaranteeing the defendant its judgment and costs; whereas failure to grant relief could cause great loss to plaintiff Washington Security Company and conceivably prejudice the persons in possession who are also parties to the suit.
The averments as to irregularity of the sheriff's sale and plaintiff's lack of knowledge of a perfected lien, coupled with an apparent gross inadequacy of the sale price and plaintiff's rejected offer to do equity, convince us that the complaint is not without equity. See e.g. Eristavi-Tchitcherine v. Miami Beach Federal Savings and Loan Association, 1944, 154 Fla. 100, 107, 16 So.2d 730, 734. The appealed order is reversed and the cause remanded for such defensive pleadings and further proceedings as may be advised consistent with this opinion.
Reversed and remanded.
SHANNON, Acting C.J., and CABOT, TED, Associate Judge, concur.
NOTES
[1] An order dismissing the cause "with prejudice" is, of course, a final order. Palm Shores, Inc. v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52. An order granting a motion to dismiss the complaint which, in addition, dismisses the cause is appealable as a final order. Izquierdo v. Miramar Motors, Inc., Fla.App. 1963, 155 So.2d 420.

But in the comparable situation where no final judgment has been entered consequent to the appeal order, which merely grants a motion for summary judgment, the order is not final and is not appealable. See e.g. Williams v. Maddren, Fla.App. 1962, 147 So.2d 572; Stone v. Buckley, Fla.App. 1960, 119 So.2d 298; Chastain v. Embry, Fla.App. 1960, 118 So.2d 33; Renard v. Kirkeby Hotels, Inc., Fla.App. 1958, 99 So.2d 719; Brannon v. Johnson, Fla. 1955, 83 So.2d 779.
[2] Rule 3.2(b) F.A.R.; Rule 1.3 F.A.R. "Rendition" defined.
[3] See Nowlin v. Pickren, Fla.App. 1961, 131 So.2d 894, 895 distinguishing the Womack decision.
[4] See Evin R. Welch & Co., Inc. v. Johnson, Fla.App. 1962, 138 So.2d 390; McMullen v. McMullen, Fla.App. 1962, 145 So.2d 568.
[5] In 1760 Charles Macklin said that "The law is a sort of a hocus-pocus science." We prefer the statement of his contemporary, Samuel Johnson, that "The law is the last result of human wisdom * * *."
[6] It is frequently emphasized that rules of court are designed to secure the "just, speedy and inexpensive determination of every action." Rule A., 1954 Florida Rules of Civil Procedure, 30 F.S.A.