PER CURIAM.
The motion of appellee The Prudential Insurance Company of America to dismiss the appeal is denied.
The chancellor’s order appealed' from was interlocutory. This appeal, final' in form, will be treated as interlocutory on authority of Mitchell v. Italian-American Club, Fla.App.1960, 122 So.2d 228, and Washington Security Co. v. Tracy’s Plumbing & Pumps, Inc., Fla.App. 1965, 166 So.2d 680, no undue hardship to appellees having-been made to appear, by incident delay or otherwise.[1]
“Appeals to the Supreme Court and the District Courts of Appeal are constitutionally guaranteed rights in this State. This being true, it is fundamental that statutes or rules regulating the exercise of suck rights should be liberally construed in favor of the appealing party and in the interest of manifest justice.” Robbins v. Cipes, Fla.App.1966, 181 So.2d 521.
The time within which appellants may file the appeal papers, appellants’ brief and' appendix, as provided for by Rule 4.2 F.A.R. is hereby fixed at 15 days from the date of this order, and thereupon the appeal shall' proceed as provided for by the appellate-rules for such interlocutory appeal.
It is so ordered.

. The appeal was commenced December 14, 1965. Appellee’s motion to dismiss, filed December 81, 1965, stayed progress of the appeal pending disposition of the motion. Rule 39, subd. f, F.A.R., 31. F.S.A.