PER CURIAM.
Appellants appeal from an order granting appellees’ motions to quash and dismiss the appellants’ petition and writ of certio-rari to the circuit court.
On oral argument before this court, we observed that the circuit judge’s order, after discussing the factual situation and questions of law, ended with the following:
“ * * * It is the opinion of this Court that the Petition is therefore insufficient to require the taking of testimony and that the Motions to Quash and Dismiss should be granted. It is thereupon
“ORDERED and ADJUDGED that the defendants’ Motions to Quash and Dismiss are hereby granted.”
We suggested to the attorneys for the appellants and appellees that they file additional briefs as to the appealability of this order. Such briefs have been filed and we conclude that the order was not appealable, lacking finality for such purpose.
We have noted several times in our opinions that an order, which merely granted a motion to quash or a motion to dismiss, was not an appealable order. It will be necessary for another order to be entered dismissing or quashing the writ or order.
Where the order granting the motion to quash or dismiss contains an additional provision that the complaint or cause is hereby dismissed or other words of finality, the judgment is a final one.
The appellants, in their brief, cite the case of Washington Security Co. v. Tracy’s Plumbing & Pumps, Inc., Fla.App.1964, 166 So.2d 680. In this case, Judge White, writer of this court’s opinion, discusses the difference between appeals in law and in equity and the distinctions drawn between interlocutory and final orders with respect to appealability. Judge White said:
*235 “ * * * As to actions at law this court has held that orders merely dismissing the complaint without dismissing the cause lack the finality requisite to full appeal. Altiere v. The Atlantic National Bank of West Palm Beach, Fla.App.1963, 155 So.2d 386; Weinmann v. Ligon, Fla.App.1958, 105 So.2d 204; Baker v. Colley, Fla.App.1958, 104 So.2d 473; Herpel, Inc. v. Pfundston, Fla.App.1958, 104 So.2d 620. * * * »
In Altiere v. Atlantic National Bank of West Palm Beach, Fla.App.1963, 155 So.2d 386, the order appealed from stated:
“* * * ORDERED and ADJUDGED that Defendant’s Motion to Dismiss the Amended Complaint be and the same is hereby granted.”
Then we further stated in the opinion:
“The plaintiff filed his notice of appeal, seeking review in this Court of the above Order. The record on appeal does not show the entry of a final judgment in this cause.
“The order appealed from is not a final judgment; it is an interlocutory order. We have previously held that such an order entered in an action at law is not a final judgment from which an appeal may be taken. Baker v. Colley, Fla.App.1958, 104 So.2d 473; Herpel, Incorporated v. Pfundston, Fla.App.1958, 104 So.2d 620; Weinmann v. Ligon, Fla.App.1958, 105 So.2d 204.
“We do not have jurisdiction to entertain this appeal. Therefore, it must be dismissed ex mero motu. An appropriate order will be entered.”
In Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., Fla.App. 1965, 179 So.2d 414, it was stated:
“A notice of appeal filed prior to rendition of a final judgment or decree cannot confer jurisdiction upon the court. Shaw v. Hill, Fla.App.1959, 114 So.2d 721; Tom v. State ex rel. Tom, Fla.App.1962, 143 So.2d 226. Where an appeal is taken in violation of the rules so that it is not legally sufficient to confer jurisdiction of the subject matter upon the court, the appearance of, the appellee cannot of itself give the court jurisdiction of the subject matter, and the appeal should be dismissed by the court sua sponte. Provident Savings Bank & Trust Co. v. Devito, 1929, 98 Fla. 1076, 125 So. 235. A court has no power to act in the absence of the jurisdictional foundation for the exercise of the power. State ex rel. Diamond Berk Ins. Agency v. Carroll, Fla.1958, 102 So.2d 129; Schutzer v. City of Miami, Fla.App.1958, 99 So.2d 729.”
The appeal in this cause is dismissed.
ALLEN, C. J., LILES, J., and WEHLE, VICTOR O., Associate Judge, concur.