189 So.2d 224 (1966)
Sandra Lynn HALL, a Minor, by Her Father, Natural Guardian and Next Friend, Darwin L. Hall, Appellant,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, Appellee.
No. 123.
District Court of Appeal of Florida. Fourth District.
July 18, 1966.
Rehearing Denied September 1, 1966.
Clarence T. Johnson, Jr., of Miller, Cone, Owen, Wagner & Nugent, Rockledge, for appellant.
*225 O. Douglas Wolfe, Jr., of Gurney, Gurney & Handley, Orlando, for appellee.
ANDREWS, Judge.
Plaintiff, Sandra Lynn Hall, a minor, by her father, natural guardian and next friend, Darwin L. Hall, appeals an order requiring arbitration of a claim under the uninsured motorist provisions of a public liability policy against the insurer, Nationwide Mutual Insurance Company.
Sandra Lynn Hall, a minor daughter of the insured, was injured while a passenger in an automobile owned by her father in an accident with an uninsured vehicle. The policy contains the standard uninsured motorist clause. In accordance with the provisions of the policy plaintiff demanded arbitration under the rules of the American Arbitration Association and submitted a filing fee of $50.00 in accordance with said rules for arbitration under the provisions of the Special Accident Claims Tribunal.
The American Arbitration Association advised that Nationwide was not a member of the Special Accident Claims Tribunal and that the matter would have to be administered under the Commercial Arbitration Rules which require a filing fee of $500.00. The American Arbitration Association invited Nationwide to become a member of its special tribunal which it declined to do. Later the American Arbitration Association agreed to reduce the filing fee to $250.00 and to defer the payment of $200.00 on account of the fee until the termination of the case.
Plaintiff took the position that this arrangement was unreasonable and that plaintiff could not afford to accept even a contingent liability for said additional filing fee and therefore brought this suit in the circuit court. Nationwide answered and moved for compulsory arbitration. The trial court entered its order granting the defendant's motion to compel arbitration.
We find no merit in plaintiff's argument that the agreement to arbitrate under the rules of the American Arbitration Association constituted a stipulation that the Florida Arbitration Law shall not apply to the arbitration. The parties have not stipulated that the Florida Arbitration Code, Ch. 57, Florida Statutes, F.S.A., shall not apply but merely agreed upon a method to be followed subject to the arbitration law as provided in F.S. § 57.13, F.S.A.[1]
The court is presented with the question of whether the defendant by its actions waived its right to arbitrate under the policy. It is the duty of both parties to an insurance contract which makes arbitration of the amount of loss a condition precedent to liability under the policy to make a good faith effort to carry out the agreement. There may be a waiver of an agreement to arbitrate even though it is a condition precedent to legal action. Mike Bradford & Co. v. Gulf States Steel Co., Fla.App. 1966, 184 So.2d 911. The waiver of the right to arbitrate may be expressed in terms or be implied from the acts, omissions and conduct of a party. Hill v. Mercury Record Corporation, 1960, 26 Ill. App.2d 350, 168 N.E.2d 461; 5 Am.Jur.2d, Arbitration and Award § 51; 94 A.L.R. 499. See discussion of waiver in Batter Building Materials Company v. Kirschner, 1954, 142 Conn. 1, 110 A.2d 464.
In the instant case the insurance company's conduct has been inconsistent with the purpose of the arbitration provision which provides:
"6. Arbitration. If any person making claim hereunder and the Company do not agree * * * then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration *226 in accordance with the rules of the American Arbitration Association. * * *" (Emphasis added.)
The plaintiff made a claim against the insurance company on the policy. The company did not agree as to the amount of payment which might be owing to the plaintiff. Then, without actually being required to do so, plaintiff endeavored to submit the matter for settlement by arbitration in accordance with the rules of the American Arbitration Association, but the plaintiff was unable to secure such arbitration because the association demanded a fee which the plaintiff was unable to pay. The reason for the association demanding a fee in excess of that which the plaintiff was able to pay was because the company was not a member of the special claims tribunal of the association and any request for arbitration was therefore required by the association to be submitted to it under the Commercial Arbitration Rules.
The American Arbitration Association established the accident claims tribunal for the specific purpose of arbitrating accident claims between certain participating insurance companies and their insureds. The specific need for an accident claims tribunal arose when companies began adding uninsured motorist endorsements to their liability policies. In order to facilitate prompt and inexpensive settlement of claims between insurance companies and their insureds the association's Commercial Arbitration Rules were adopted for the newly created accident claims tribunal with the American Arbitration Association as the administrator. Prof. Geo. Savage King, Arbitration of Automobile Claims, 14 U. Fla.L.Rev. 328 (1961).
The terms of the policy dealing with arbitration did not require the plaintiff to initiate the request for arbitration, and, having endeavored to obtain arbitration and being unsuccessful in obtaining arbitration because of the refusal of the company to join the special claims tribunal, the company was obligated to make its own demand and application for arbitration, and when it failed and refused to do so it waived its right to thereafter demand arbitration.
Since we must reverse the court order compelling arbitration no discussion of the other points raised on appeal is deemed necessary.
Reversed and remanded.
SMITH, C.J., and ARCHIE M. ODOM, Associate Judge, concur.
NOTES
[1] F.S. § 57.13, F.S.A.: "If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators * * * this method shall be followed. * * *"