283 So.2d 147 (1973)
Robin HARRIS and James E. Harris, Her Husband, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellee.
No. 72-730.
District Court of Appeal of Florida, Second District.
September 26, 1973.
*148 Charles Carrere, Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellants.
William C. Kaleel, Jr., and Paul A. Kaleel, Kaleel & Kaleel, St. Petersburg, for appellee.
McNULTY, Judge.
Plaintiffs-appellants sued on the uninsured motorist clause of their automobile liability policy issued by appellee. Appellee moved to compel arbitration pursuant to another provision of the policy. The trial court granted appellee's motion and appellants seek to appeal therefrom.
At the outset, we sua sponte hold that an order granting a motion or application to compel arbitration is nonappealable.[1] It is not among the appealable orders enumerated in the Florida Arbitration Code;[2] it is clearly not an interlocutory order expressly appealable under Rule 4.2, F.A.R., 32 F.S.A.; and it is not a *149 "final order" within the purview of Rule 3.2, F.A.R., either by its own terms or as construed by any case of which we are aware.
In this last regard, we are not unmindful of the decisions in Beck v. Barnett National Bank of Jacksonville[3] and in Levine v. Knowles,[4] each of which was recently cited with approval by our Supreme Court in Scheel v. Advance Marketing Consultants, Inc.,[5] but each of which is substantively distinguishable from the case before us. In each of those cases the trial court directly ruled on a material issue raised by plaintiff's complaint. In Beck the cause was transferred to the equity side of the court under the rules then applicable and thus the court in effect "finally" terminated the litigation insofar as it constituted an action at law. Similarly in Levine. There the trial court struck a prayer for punitive damages which affected the jurisdictional amount involved. The cause was then transferred to a lower court. Again, it was held, the order striking punitive damages was considered "final" for purposes of appeal since it effectively resulted in a termination of the action at least as to the extent of damages recoverable on the plaintiff's claim.
Here, however, the order sought to be appealed from did not finally terminate the action or any part thereof; it merely disposed directly of an issue raised not within the complaint but within the application to compel arbitration, viz: the existence vel non of a valid, enforceable agreement to arbitrate. True the order had the effect of temporarily transferring the cause, but it did not preclude the entry by that court or of any court of competent jurisdiction of further orders and/or, indeed, the "final judgment" as are contemplated by the Arbitration Code. The order was clearly interlocutory and no aspect of appellants' cause of action itself was directly ruled upon at all.
It may be, however, that if the court were in error on the issue it did rule upon the appellants may be irreparably embarrassed in the effective pursuit of their claim. Thus the case graphically serves to demonstrate the wisdom of Rule 4.2, F.A.R., which confirms our power to treat an improvident interlocutory appeal as a petition for the gracious common law writ of certiorari. Because of the question involved here we exercise our discretion in that regard and do so consider the appeal herein, but on the merits we are constrained to deny it.
Appellants do not deny that they entered into the arbitration agreement relied upon by appellee. Such agreement related to the uninsured motorist coverage and provides as follows:
"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company, each of whom shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration. Unless the parties otherwise agree, the arbitration shall be conducted in the county and *150 state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law."
Appellants' sole contention is that appellee waived its rights thereunder.
Their waiver argument is threefold; they say appellee waived:
1. by including in its policy an arbitration provision which is invalid and unenforceable in that it places upon the insured the burden of paying or becoming obligated to pay an excessive amount to obtain arbitration;
2. by failing to act in good faith and by failing to make settlement offer for a period of over two years, i.e., from the date of the accident of April 7, 1970, until the present time; and
3. by failing to pay the medical bills of the plaintiffs in accordance with the medical payments provisions of their insurance policy with State Farm.
Concerning their first argument, appellants rely on the affidavits of two practicing attorneys experienced in arbitration matters who say that the method of arbitration expressly provided for in the foregoing agreement would cost appellants at least $600.00, whereas if the matter were submitted to the American Arbitration Association it would cost them little or nothing. The express agreement is therefore unconscionable, they say, and they should be permitted either to compel arbitration by the American Arbitration Association or to pursue their action in a suit at law.
They cite Hall v. Nationwide Mutual Insurance Company[6] in support thereof; but their reliance is misplaced. Unlike the contract here, the arbitration agreement in Hall, supra, expressly provided that the arbitration contemplated therein would be in accordance with the rules of the American Arbitration Association. It further appears that under such rules an arbitration proceeding on an uninsured motorist provision of a liability policy would ordinarily be held in the Special Accident Claims Tribunal of that association at nominal cost. But Nationwide Mutual, the insurer in that case, was not a member of the Special Accident Claims Tribunal, and it refused to join even after demand. Whereupon, it appears, the American Arbitration Association advised that they would arbitrate the matter but that it could not be done within the Special Accident Claims Tribunal; it would have to be governed by the Commercial Arbitration Rules at considerably higher costs. Under such circumstances, our sister court in the Fourth District held that the insurance company had "waived" its rights under the arbitration agreement since its refusal to cooperate was inconsistent with its duty to make a good faith effort to carry out the agreement as expressed. We have no like situation in this case. The appellee is not trying to frustrate or avoid the express terms of the agreement; indeed it is insisting upon them. It is the appellants who are seeking to avoid the agreement; and the mere fact that the costs of the agreed upon method of arbitration are to be borne by appellants, win, lose or draw, or that they are higher than appellant probably anticipated does not render them "unconscionable" so as to permit appellants to do so. Moreover, they have not shown any fault otherwise on the part of appellee as a consequence of which it should suffer a "waiver" of its rights. The agreement is lawful, clear and unambiguous. We cannot rewrite it.
Coming now to appellants second argument, they cite Government Employees Insurance Co. v. Whitaker et al.,[7] in support of the proposition that appellee waived its rights by failing to make a good faith settlement offer within a period of some two years. But we do not construe *151 that case, or any other case we know of for that matter, as authority for a rule imposing a unilateral duty upon a defendant in any proceeding to make a settlement offer. If there is such a duty it would appear to rest in both parties. But in any case, the lack of good faith on the part of the accused insurance company spoken of in Whitaker, supra, was first of all predicated on a false claiming by such company that it had not been furnished sufficient records and reports adequately to evaluate the claim. Secondly, it was clear in that case that the aforesaid false claim coupled with lack of cooperation otherwise by the insurer was for the hidden purpose of seeking contribution toward its potential liability from another insurance company which had issued an uninsured motorist policy to the owner of the accident car in which the plaintiffs Whitaker were passengers. Under such circumstances, Judge Rawls for the First District agreed that such conduct on the part of the insurer was inconsistent with its right to demand arbitration. Here, however, the only thing complained of by appellants is that appellee failed to make a settlement offer; and we are hard pressed to find why appellee should be any more prejudiced by a failure to make a settlement offer in a matter calling for arbitration than it would be if there were no such agreement and the matter were in court. Appellants' second point thus falls of its own weight.
Finally as to appellants' third argument, they simply complain of appellee's failure to pay medical bills in accordance with the medical payments provision of the policy. Even if true, we cannot see how this in any way relates to the issues properly raised under the uninsured motorist provision of the policy and the arbitration agreement looked to for settlement thereof. The medical payments provision stands independently and regardless of the uninsured motorist provision; and, in any case, is left unaffected and untouched by the order complained of. If any claim exists under such provision it may certainly be sued upon at law and attorney's fees sought therein as in any claim made under an insurance policy.[8] But by its own terms the arbitration agreement before us did not contemplate settling any and all claims by arbitration, only those made pursuant to the uninsured motorist provision. Appellants' third point is therefore also untenable.
Accordingly, the appeal taken herein, which we have considered as a petition for certiorari as aforesaid, must be, and it is hereby, denied.[9]
Certiorari denied.
LILES, Acting C.J., and CALHOUN, JAMES P., Associate Judge, concur.
NOTES
[1] In so holding we recognize that an appeal from such an order was apparently entertained in Hall v. Nationwide Mutual Insurance Company (Fla.App. 1966), 189 So.2d 224. However, no one raised the point. No one has raised it here either. But we do not feel we are precluded from ruling thereon anyhow; indeed we feel compelled to. Cf., Harris v. Mosteller (Fla.App. 1971), 253 So.2d 275; Bailey v. Allstate Insurance Company (Fla. App. 1969), 218 So.2d 761, and Chastain v. Embry (Fla.App. 1960), 118 So.2d 33.
[2] See, Chapter 682, Fla. Stat. 1971, F.S.A. Section 682.20 thereof provides as follows:

"Appeals. 
(1) An appeal may be taken from:
(a) An order denying an application to compel arbitration made under § 682.03;
(b) An order granting an application to stay arbitration made under § 682.03(2)-(4);
(c) An order confirming or denying confirmation of an award;
(d) An order modifying or correcting an award;
(e) An order vacating an award without directing a rehearing; or
(f) A judgment or decree entered pursuant to the provisions of this law.
(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."
Indeed, even if it were listed in the foregoing section, except for the "final" judgments or decrees so listed, under the rationale of State v. Smith (Fla. 1972), 260 So.2d 489, it is questionable whether any of the foregoing orders are appealable.
[3] (Fla.App. 1960), 117 So.2d 45.
[4] (Fla.App. 1967), 197 So.2d 329.
[5] (Fla. 1973), 277 So.2d 773.
[6] (Fla.App. 1966), 189 So.2d 224.
[7] (Fla.App. 1969), 218 So.2d 198.
[8] See, § 627.428, Fla. Stat. 1971, F.S.A.
[9] By way of epilogue we comment here on one other aspect of the posture of this case. In addition to the motion to compel arbitration appellee filed a motion to dismiss. The court granted the motion to compel arbitration, as noted, but it "denied" the motion to dismiss except that it expressly reserved jurisdiction to resolve the question of excessive costs, if any be shown, after the arbitration. It thus appears that while the trial court expressly "denied" the motion to dismiss, by granting the motion to compel arbitration and reserving only the right to resolve possible excessive costs, the court in effect did dismiss the complaint. But even so, such "dismissal" is not such as to render the order a "final" appealable one in view of what we first hold hereinabove; and, in any event, appellants do not herein appeal therefrom.

As to the reservation of jurisdiction to resolve the matter of possible excessive costs, however, it would appear that pursuant to the Florida Arbitration Code the court would have power to review such matter anyhow. See, §§ 682.11, .13 & .14, Fla. Stat. 1971, F.S.A.