405 So.2d 311 (1981)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Zipporah COLLIER, Appellee.
No. 81-1837.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
*312 James B. Denman of Bunnell & Denman, P.A., Fort Lauderdale, for appellant.
Mark J. Mintz of Ress, Gomez, Rosenberg & Howland, P.A., North Miami, for appellee.

ON MOTION TO REMAND FOR ENTRY OF FINAL DECLARATORY JUDGMENT
LETTS, Chief Judge.
The appellant's motion to remand for entry of a Final Declaratory Judgment is denied.
This Court is of the opinion that the Summary Judgment here appealed is in fact final because it contains "magic words demonstrating finality." See Sloman v. Florida Power & Light Co., 382 So.2d 834 (Fla. 4th DCA 1980). The totality of the words set forth in the instant Summary Judgment which lead us to that conclusion are as follows:
Defendant's motion for final summary judgment is hereby granted ... that the plaintiff take nothing by this suit and ... go hence without day.
In moving for a remand in filing a notice of intent to rely, both parties appear to doubt the finality of the instant judgment and cite Renard v. Kirkeby Hotels, Inc., 99 So.2d 719 (Fla. 3d DCA 1958) and Rizzuto v. DiPaolo III, 357 So.2d 490 (Fla.2d DCA 1978) as support. However, both these last two cited cases merely intoned that the motion for summary judgment was granted and neither contained additional language.
By contrast we base our conclusion here on the Supreme Court case of Catchings v. Florida-McCracken Concrete Pipe Co., 135 So. 561 (Fla. 1931) and Baker v. Colley, 104 So.2d 473 (Fla. 2d DCA 1958) which both indicate that the use of additional language such as "the plaintiff take nothing by [this] suit ... and go hence without day" lends the necessary unequivocal declaration of finality that will support an appeal.
MOTION DENIED.
MOORE and BERANEK, JJ., concur.