PER CURIAM.
We dismiss this non-final appeal brought under the auspices of Florida Rule of Appellate Procedure 9.130 because we do not have appellate jurisdiction.
It is argued that the order in question which reinstated a prior action concerned venue. We disagree upon authority of Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982).
Finally, it is argued that the appeal qualifies because it is an appeal from an order entered pursuant to Florida Rule of Civil Procedure 1.540(b). Although the order refers to Florida Rule of Civil Procedure 1.540, it could not be such an appeal because that rule, by its language, operates to relieve a party from a final judgment, decree, order, or proceeding. Here the earlier order of dismissal upon the ground of forum non conveniens was not a “final order.” Atria v. Anton, 379 So.2d 462 (Fla. 4th DCA 1980); Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); Armstrong Contracting and Supply Corporation v. Aerospace Industries, Inc., 254 So.2d 242 (Fla. 4th DCA 1971); Shotkin v. Deehl, 148 So.2d 538 (Fla. 3d DCA 1963); Baker v. Colley, 104 So.2d 473 (Fla. 2d DCA 1958).
We respectfully decline to treat this appeal as a petition for common law certiorari because we are of the opinion that appel *651 lant will have a full and adequate remedy via a plenary appeal.
Appeal dismissed.
LETTS, HERSEY and WALDEN, JJ., concur.