ELMORE, FRANK H., Associate Judge.
The plaintiff, appellant here, by its complaint, sought injunctive relief to restrain the defendants, appellees here, from collecting taxes assessed against certain of its lands in Lee County for the year of 1961 and to set aside so much of the tax assessments for that year as exceeded alleged full cash value.
*783 After the evidence had been adduced, and before adjudication, plaintiff moved to amend its complaint to conform to the evidence. The court, after argument, denied the motion [1] and entered a final decree dismissing the complaint upon findings that plaintiff’s lands were not assessed in excess of the full cash value and that the equities were with the defendants and against the plaintiff.
The Court, in effect, found that plaintiff had failed to sustain the burden of proof laid upon it of establishing that the property was assessed in excess of full cash value; thus it was not entitled to injunctive relief because of alleged unlawful discrimination.
The decree of the trial court is generally presumed to be correct on appeal. This court is not authorized to interfere with the judgment of the trial court unless there is no substantial evidence to support the judgment.
It is unnecessary to recite or summarize the evidence contained in the record. Appellant admits that none of the facts in this case is in dispute. Our review does not disclose that the learned chancellor misapprehended the legal effect of the evidence or that he applied incorrect principles of law to the facts. There was competent, substantial evidence to support his conclusions. Therefore, the decree will be affirmed.
Affirmed.
SHANNON, Acting C. J., and WHITE, J., concur.

. The Court gave these reasons for denying the motion:
“1. To grant said Motion would change the entire style of the ease and call for a different type of action than the suit originally filed whether by mandamus or other proceedings;
“2. To grant said Motion would test the Tax Assessor’s authority to assess developing subdivisions at a developer’s discount on acreage basis, thereby placing the entire tax rolls of Lee County, Florida * * * in question. * * *
“3. Testimony and exhibits introduced at the trial of the cause of action failed to show that plaintiff’s lands were assessed in excess of one hundred per cent of full cash value.”