HORTON, Judge.
Appellant, plaintiff below in an action for declaratory relief, seeks review of a final decree which awarded the appellees a money judgment upon their counterclaim.
The appellant, a registered real estate broker and property manager, had for many years been associated with the appellees in a number of real estate transactions. In January, 1952, the appellant persuaded Jacob Solomon, his wife, and one Zucker-man to purchase a 99-year lease on a parcel of Miami Beach property. The lease required a building to be erected on the property. Subsequently, the Solomons and Zuckerman formed a corporation to acquire said leasehold. Zuckerman sold his interest in the corporation to Mortimer Solomon and Eleanor Friedland (the son and daughter of Jacob Solomon). The erection of a building on the leased premises began with appellant handling the negotiations and supervision of the building. Appellant agreed that he would not receive any fee or commission for his services but that he was to share in the net profits of a sale o.f the building. Shortly thereafter, the corporation was dissolved and the stockholders formed a partnership to own the *501 leasehold and complete construction of the building.
When the building was nearing completion and shortly thereafter, the appellant actively sought a purchaser and submitted several offers. For various reasons not material here, the Solomons rejected the offers which resulted in appellant’s becoming dissatisfied with his bargain. A number of •disputes and differences arose between the parties. Jacob Solomon requested an accounting of disbursements made by appellant, who had kept in his office all of the books and records including receipts and vouchers, cancelled checks and similar items, but the appellant refused the request.
At or about this time the appellant, without the knowledge or consent of the appel-lees, drew a number of checks from the building account, naming his corporation and himself as payee. These checks were marked variously for “building construction supervision,” “management and rental commissions,” and “in repayment of checks drawn by Bertman on the construction account.”
Because of the above, the relationship between appellant and the Solomons became strained and the parties sought advice of counsel. On April S, 1954, the agreement which subsequently became the issue in this cause was prepared and signed by the appellant and Jacob Solomon.[1]
Thereafter, the appellant became dissatisfied with the agreement and instituted suit seeking a declaratory decree in order to determine his rights under the aforementioned agreement. The complaint alleged full performance on Bertman’s part and in addition, sought to require appellees to surrender and deliver certain corporate stock which appellant alleged he had given up pursuant to the terms of the agreement.[2]
The appellees answered and set forth a counterclaim seeking to recover the sums that appellant had withdrawn from the building account which were alleged to have been unauthorized and violative of his fiduciary trust. The cause was tried before the chancellor and extended over a period of years. Ultimately, the final decree was entered which found, inter alia, that the agreement in question was not a settlement between the parties and that the appellant was not entitled to enforcement of the provisions thereof. The decree went on to award damages to the appellees upon their counterclaim in the amount of $31,482.49, such sum representing the total amount of the unauthorized withdrawals, plus interest and costs. This appeal followed.
The appellant has presented two arguments for reversal. He contends first, that the agreement was a compromise and settlement of the parties’ mutual disputes and consequently, the appellees should not be permitted to retain what they have received pursuant thereto and at the same time impeach or repudiate its terms; and second, that the final decree was incomplete and thus erroneous in that it did not either affirmatively or negatively adjudicate his rights under the agreement.
As to the first contention, there are several reasons why we cannot agree with appellant. As discussed in footnote 1, supra, the agreement signed by the appellant and Jacob Solomon clearly contemplated that Solomon’s wife, Yetta, his son, Mortimer, and daughter, Eleanor Friedland sign such agreement. Obviously then, this agreement was not an executed one and inasmuch as such agreement required certain *502 affirmative acts of the other appellees (Yet-ta, Mortimer and Eleanor), it could not have the legal effect that appellant contends it had. Further, the appellant had a pre-ex-isting duty to perform those acts alleged in his complaint. The books and records which he delivered to Jacob Solomon were not his to keep and he was only holding them in his capacity as trustee. The checks appellant drew and delivered were, in effect, repayment for the unauthorized withdrawals of his principals’ funds. The appellant had no agreement that he would be compensated for his services, nor was he authorized to borrow money. His agreement was to share in the profits for his services if and when the property was sold. Such were the findings of the chancellor and we concur.
In reaching the above conclusion we have been guided by certain fundamental principles. The chancellor’s final decree arrived in this court with a presumption of correctness. Lynch v. Coppola, Fla.App.1961, 129 So.2d 183; Pitts v. Ahlswede, Fla.App.1962, 139 So.2d 159. Inasmuch as the final decree was determined upon contested issues of fact and there was substantial evidence to support such a decree, it should be upheld. Wilson v. Rooney, Fla.App.1958, 101 So.2d 892; DiMarco v. King, Fla.App.1962, 139 So.2d 750. The chancellor found contrary to the contention of the appellant on this specific issue and appellant has failed to demonstrate that it was error.
Appellant s second point is likewise without merit. The chancellor expressly found as follows:
“I further find that the instrument dated April 5, 1954, and styled ‘agreement’ was not a settlement between Bertman and the individual defendants [appellees] nor is Bertman entitled to enforcement of the provisions thereof.”
This finding, coupled with the money judgment awarded to appellees upon their counterclaim in effect fully adjudicated the claim of appellant and cannot be said to be incomplete.
For the foregoing reasons we are of the view that no reversible error has been made to appear. Accordingly, the final decree appealed is affirmed.
Affirmed.

. The record is devoid of proof that Jacob Solomon had any authority to execute the agreement on behalf of the other appel-lees. As noted above, Bertman and Jacob Solomon were the only signatures although the agreement clearly contemplated that the other appellees were to be bound as well.

. In addition to the corporate stock, appellant alleged that he had surrendered the books and records of the corporation and had delivered two checks to the ap-pellees.