HORTON, Judge.
This was an equitable action to reform a warranty deed by expunging from said deed the appellant’s name as one of the grantees. The complaint alleged that appellant was a real estate agent who, appellee was under the impression, was acting for him in the purchase of a piece of improved real property; that appellee paid the full consideration for the property, but after a closing of the transaction through a title insurance company, appellee discovered that appellant had caused her name to be in *9 serted in the deed along with that of the appellee as one of the grantees; that appellant caused her name to he inserted in the deed as the owner of an undivided one-half interest without the knowledge and consent of appellee or the payment of any consideration for the one-half interest. The complaint further alleged the existence of a confidential relationship between appellant and appellee and prayed that appellant’s name be deleted or expunged from the deed and appellee declared to be the sole owner of the property.
The appellant answered the complaint admitting the purchase of the property by the appellee, but contended that the appel-lee had paid the purchase price after an agreement between the parties that they would be joint owners; that appellant offered to pay her one-half of the purchase price but appellee refused this offer. Other material allegations of the complaint were denied, including the allegation of the existence of a confidential relationship. The cause was heard before the chancellor upon the issues made by the complaint and answer. The chancellor found that a confidential relationship existed between the appellant, a real estate agent, and the appellee, and entered a decree which (1) expunged the appellant’s name from the deed as a grantee, and (2) awarded appellant $392.97 for taxes paid by her on the property. The appeal is from this decree.
The appellant challenges the decree upon three grounds, i. e., (1) that the complaint failed to state a cause of action; (2) that the court misapprehended the legal and probative effect of the evidence; and (3) that the court’s conclusions, considering the erroneous remedy pursued and the legal effect of the appellant’s defense, were against the manifest weight and probative effect of the evidence.-
We have carefully considered the allegations of appellee’s complaint and find that it states a cause of action for the reformation of an instrument. It is not necessary to allege all of the factual matters in a complaint which will be adduced at a trial of the cause. It is sufficient that the complaint allege the ultimate facts on which the pleader relies sufficient to inform the defendant of the nature of the cause against him. Where fraud, mistake or condition of mind are alleged in a complaint, the circumstances constituting the fraud or mistake are required to be stated with such particularity as the circumstances permit. We think this complaint was adequate and apprised the defendant of the nature of the cause against her and set forth all the elements of the claimed cause of action. See Rules 1.8(b) and 1.9(b), Florida Rules of Civil Procedure, 30 F.S.A.
The remaining two questions posed by the appellant are directed primarily to the alleged misconception of the probative weight and legal effect of the evidence by the chancellor. The chancellor was faced with the resolution of issues of fact upon conflicting testimony. He had the witnesses before him and could judge the character as well as the credibility of their testimony. We think he accorded the testimony of the witnesses the proper probative weight and legal effect and applied the correct principles of law. It appears from the record as a whole that the result arrived at is in substantial accordance with the law and is consistent with the justice and equity of the case. The decree comes to this court with a presumption of correctness both as to the chancellor’s legal as well as factual conclusions and the appellant has failed to demonstrate wherein he has erred. See Davis v. Levin, Fla.App.1962, 138 So.2d 351, and 2 Fla.Jur., Appeals, § 347.
The appellee has cross-assigned as error the court’s award to the appellant of taxes paid by her on the property. This was an equitable action in which the chancellor should and did adjust the equities between the parties to do complete justice and *10 we fail to see wherein the award of which appellee complains was erroneous or inequitable.
Accordingly, the decree appealed is affirmed.