BARKDULL, Judge.
This cause originated in the circuit court by the beneficial owner of two-thirds of the capital stock of Florida State Sales, Inc., seeking an accounting of corporate monies and disbursements from the appellants [who were defendants in the trial court], one of whom held the remaining one-third capital stock interest in the corporation.
Following lengthy pleadings and final hearing, the chancellor rendered a decree to account and made the following findings, in part, which described the actions of the defendants, to wit:
* * * *. * *
“At a time when SAMUEL GOLD-STEIN and SYLVIA GOLDSTEIN were the officers and directors of the corporation and at a time when they were in complete and sole control of the fiscal and management affairs of same, they did wrongfully, without authorization or ratification, and with the personal knowledge, participation and aid of each other, direct that checks be drawn * * *
******
“ * * * Their purpose and intent, for their own benefit, was to keep from the majority ownership of the corporation all such pertinent facts and the very business itself. Further, they failed to render proper account of their stewardship.
“The Court finds and holds that the liability of SAMUEL GOLDSTEIN and SYLVIA GOLDSTEIN, for the wrongful acts aforesaid, is joint and several.”
******
The appellants have prosecuted this appeal and have preserved numerous points for review. However, the thrust of each is the sufficiency of the evidence to support the chancellor’s findings.
This final decree arrived in this court with a presumption of correctness. See: Sunset Realty Corp. v. McDaniel, Fla.App.1964, 165 So.2d 782; Williams v. Guyton, Fla.App.1964, 167 So.2d 7. If there is any competent evidence or a reasonable inference therefrom, which will support the chancellor’s findings, he should be affirmed. See: Bertman v. Solomon, Fla.App.1964, 166 So.2d 499; Seiff v. Presto Brick Machine Corp., Fla.App.1964, 168 So.2d 700. Examining the record in light of these principles, we find sufficient evidence from which the chancellor could have entered the final decree here under review. Therefore, same will be affirmed. See the following authorities: Flight Equipment & Engineering Corp. v. Shelton, Fla.1958, 103 So.2d 615; Smallwood v. Moretti, Fla.App.1961, 128 So.2d 628; Red Bud Realty Co. v. South, 96 Ark. 281, 131 S.W. 340; 19 Am. Jur.2d, Corporations, § 1274, 5 Fletcher, Cyclopedia Corporations, §§ 2111 through 2114.
Affirmed.