PER CURIAM.
The appellant, Bankers Life and Casualty Company, seeks review of a final decree of foreclosure of a chattel mortgage. Appellant contended, first, that if the equipment described in the mortgage was a chattel it had title to it by virtue of a bill of sale received prior to the execution of the mortgage [with the exception of one chattel] and, second, that the' equipment described was in fact not a chattel but was an integral part of the real estate owned by Bankers Life and Casualty Company and, therefore, a “fixture”. After hearing testimony and receiving evidence, the chancellor rendered his final decree in effect finding that the' property described was in fact a chattel and not a fixture and that title was not in Bankers Life and Casualty Company. :
*552 The evidence amply supports no title in the appellant Bankers Life and Casualty by virtue of the bill of sale, which was executed some two years prior to the fabrication of the equipment described in the mortgage, and the chancellor specifically found that the property described was not a fixture, as follows:
* * * * * *
“3. That defendants have failed to sustain the required proof to defeat this foreclosure action. The principal defense raised by the defendants was that the chattels described in plaintiff’s mortgage had been attached to real property as fixtures prior to the date of the execution and delivery of plaintiff’s mortgage. The testimony and evidence, however, showed that the parties, at the time of the execution and delivery of said mortgage, considered, treated and at all times material hereto dealt with said chattels as pieces of equipment and not as fixtures. The Court is cognizant of the fact that much of this equipment is large, of great weight and was required to be bolted and secured to a floor to facilitate its use. However, the testimony, expert and otherwise, was overwhelming in indicating and proving that the removal of this machinery would in no wise whatsoever damage the premises to which they were bolted. All of the testimony, without rebuttal, indicated the premises to be an open lumber yard which readily lent itself to the installation and removal of heavy equipment, without damage to the premises.”
ij? ‡ ^ <4*
The final decree arrived in this court with a presumption of correctness. See: Sunset Realty Corp. v. McDaniel, Fla.App.1964, 165 So.2d 782; Williams v. Guyton, Fla.App.1964, 167 So.2d 7; Goldstein v. Pettinger, Fla.App.1966, 183 So.2d 740. If there is substantial, competent evidence to support the chancellor’s finding, it should be affirmed. See: Bertman v. Solomon, Fla.App.1964, 166 So.2d 499; Seiff v. Presto Brick Machine Corp., Fla. App.1964, 168 So.2d 700; Goldstein v. Pettinger, supra. A review of the record demonstrates that there is substantial, competent evidence, plus the reasonable inferences therefrom, to support the chancellor’s findings: 1. That the equipment described was not in existence at the time of the execution of the bill of sale and, 2. That the property was in fact a chattel and not a fixture. See: Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814, 64 A.L.R. 1219; Greenwald v. Graham, 100 Fla. 818, 130 So. 608; Meena v. Drousiotis, 146 Fla. 168, 200 So. 362; Illinois Grain Corporation v. Schleman, Fla.App. 1959, 114 So.2d 307; 14 Fla.Jur., Fixtures, §§ 2, 3, 4, 5 and 6.
Therefore, for the reasons above stated, the final decree here under review is hereby affirmed.
Affirmed.