McNULTY, Judge.
Plaintiffs-appellants brought suit on a fire insurance policy issued on their dwelling by appellee. Several issues were joined by the pleadings, and defendant moved for a summary judgment. After argument the trial court entered an order, designated “Summary Judgment”, in which he made certain prefatory findings clearly adverse to plaintiffs-appellants on several issues, and further found, as to the remaining issues, that plaintiffs’ action was premature. He concluded his order as follows:
“ * * * It is therefore,
Ordered and Adjudged as follows:
1.That defendant’s Motion for Summary Judgment be and the same is hereby granted.
2. That plaintiffs’ action be and the same is hereby dismissed, without prejudice, however, to plaintiffs’ right to commence an action timely [on the unma-tured issues] as they may desire.
3. That' defendant have judgment of and from plaintiffs for its costs in this behalf expended for which let execution issue.”
Appellee has not raised the question as to whether the foregoing order is an appealable final order or judgment. We have held, however, that we must raise it suci sponte.[1]
The words, “ * * * defendant’s Motion for Summary Judgment be and the same is hereby granted”, and “ * * * plaintiffs’ action be and the same is hereby dismissed * * * ” (though without prejudice to commence a timely action based on unmatured issues) are not the equivalent of the required traditional words that the plaintiffs “ * * * take nothing by [their] suit and that the defendant go hence without day.”, or words of like import.[2]
Appellant suggested on oral argument, when queried by the Court as to the appeal-ability of the “Summary Judgment” in question, that the last sentence therein, i. e. “That defendant have judgment’ of and from plaintiffs for its costs in this behalf expended for which let execution ‘issue.’’, makes the “Judgment” a final one. Whatever validity this argument has, it bears solely on the taxation of costs, which is ancillary to the substantive issues of the law suit.[3] Orders or judgments taxing costs are reviewable only in limited situations, none of which apply here.[4]
*763 In any event, regardless of the finality of the defendant’s judgment for costs, we hold that there is no appealable final judgment in favor of defendant on the substantive issues raised by plaintiffs’ complaint. Accordingly, the appeal must be dismissed.
Appeal dismissed.
PIERCE, Acting C. J., and MANN, J., concur.

. See Chastain v. Embry (Fla.App.2d 1960), 118 So.2d 33.

. See Catchings v. Fla.-McCracken Concrete Pipe Company (1931), 101 Fla. 792, 135 So. 561; Renard v. Kirkeby Hotels, Inc. (Fla.App.3d 1958), 99 So.2d 719; Peaslee v. Michalski (Fla.App.2d 1964), 167 So.2d 242; and Chastain v. Embry, id. See, also, Strazzulla et al. v. Hinson (Fla.App.2d 1959), 113 So.2d 419; and Goldfarb v. Bronston et al. (1944), 154 Fla. 180, 17 So.2d 300.

. State ex rel. Royal Ins. Co. v. Barrs (Fla.1924), 87 Fla. 168, 99 So. 668.

. See Craft v. Clarembeaux, (Fla.App.2d 1964), 162 So.2d 325.