PER CURIAM.
The Petermans initiated this law suit by filing- an action in the Civil Court of Record wherein they sought to evict one Mr. Brown from certain property, alleging nonpayment of rent. Brown answered, affirmatively alleging that he had an oral lease with the Karwowskis, appellants, who had been receiving his rental payments. Thereafter, the Karwowskis filed their motion to intervene and were allowed to become intervenor plaintiffs. Subsequently, the intervenor plaintiffs filed their petition for a declaration of rights in the circuit court, thus framing the issue as to who held fee simple title to the property: the Karwow-skis or the Petermans. As the proceedings progressed, the appellants also raised issue as to the ownership of certain stock certificates and monies that were contained in a joint savings deposit box. They alleged that the Petermans had converted those properties.
 Prior to the non-jury trial, Henry Karwowski dismissed his attorney of record and elected to appear as his own attorney at trial. He was in fact admitted to the bar of the state of Michigan and had practiced law for thirty years. Henry Karwowski’s attempts to try this case in proper person were met with certain responses and rulings by the trial judge. Two of the appellants’ points on appeal deal with the court’s restrictions on Karwow-ski’s prosecution of the case. After a lengthy discussion in which he attempted to clarify and delineate certain aspects of the case, Karwowski requested that the judge allow him to testify in narrative form, which request was denied. The appellants contend that this was reversible error. We have carefully reviewed the record and have determined that the court did not abuse its discretion with this ruling. After the judge had requested that Karwowski present his case, the appellant offered into evidence, as his opening statement and testimony, a nine page typewritten statement; he also offered himself for cross-examination when requested to present his case; and finally, without laying a proper predicate or foundation, he offered into evidence over seven hundred documents. The trial judge, apparently in exasperation, personally assisted Karwowski in order to delineate the material. facts and frame the issues for trial. Having reviewed the record of these somewhat chaotic proceedings, we are not inclined to find that the judge abused his discretion in refusing to' allow appellant’s narrative testimony. The personal interjections by the court were obviously designed to assist and effectuate the appellants in an orderly and effective presentation of their case. The appellants also contend that the court erred in preventing them from making an opening statement. The record does not support this contention. Rather, the court precluded Karwowski from reading his nine page statement and encouraged him to make a short oral statement of the case. When this request was not complied with, the court adopted the opening statement of prior counsel which had been made at the pretrial conference. Thus, we find this point on appeal to be devoid of merit.
The appellants next contend that the court improperly resolved the issue as to ownership of the property. At trial, the following exchange occurred:
“THE COURT: All right. Now, we are going to proceed now to determine who owns these two properties first. That is what is in count one, the legal title to them.
j}; * ‡ ‡ ‡
“First we will take the Clarewood property, Block 8; that is the 87th Avenue property.
“MR. KARWOWSKI: I will stipulate that the deed to that property is in the defendants.
*325 “THE COURT: This is Court’s Exhibit One.
* * * * * *
“MR. KARWOWSKI: And I don’t want that property.
“THE COURT: All right; and the second property is Lot 14, Block 4 of Lake View Manors, the 42nd Street property.
“MR. KARWOWSKI: They have life estate in that.
“THE COURT: Life estate? All right.
“MR. SPATZ : So far we are agreeable; I agree also. That is exactly what we say.
“MR. KARWOWSKI: That is what I was saying all the time. There was no question.
“THE COURT: Court’s Exhibit Two.
“MR. KARWOWSKI: There was no dispute on that point, and the only dispute was * * * it’s a legal one, a question of law. I gave them that property on 87th Avenue and this life estate as a swap for the 42nd Street property.
“THE COURT: What evidence do you have of that?
“MR. KARWOWSKI: That is just it. I don’t have any evidence except oral agreement and they now deny it, but I had possession for six years. They gave me possession.
“THE COURT: That would be precluded by the Statute of Frauds.”
The appellants contend that Karwowski should have been allowed to testify regarding certain oral agreements concerning transactions in regard to the two real properties at issue. We do not agree. The record contains a deed, dated 1957, from Kar-wowski to the Petermans granting them a life estate in certain property, and another deed, dated 1961, from third parties to the Petermans. An oral agreement which provides for the transferral of specific lands of one party to another is rendered unenforceable by Section 725.01 Fla.Stat., F. S.A. See also, 7 Fla.Jur. Statute of Frauds § 6. Thus, the ruling of the judge was correct.
As their final point on appeal, the appellants contend that no competent substantial evidence was presented by the Petermans supporting their denial of the Karwowski’s allegation of conversion. At the time of trial, the Petermans had possession of five hundred shares of American Motors stock issued by Henry Karwowski and endorsed in blank by him. He admitted that he had endorsed the stocks in blank and had placed them in a safe deposit box which was held jointly with the Petermans. There was testimony by the Petermans that they had worked for Karwowski for many years and had received compensation in various forms, including certain promises that they would receive the American Motors stock. All the details of the history of services and compensation between these parties need not be set forth here; however, it is significant that the record contains ample evidence to support the inference that the stock was delivered by Kar-wowski to the Petermans as compensation for services rendered. In view of the existence of competent evidence and a reasonable inference therefrom which supports the chancellor’s rulings, we must affirm. Goldstein v. Pettinger, Fla.App.1966, 183 So.2d 740. It also appears from the record that Karwowski had abandoned his allegations that $6,000.00 worth of gold coins were converted by the Petermans. Therefore, in summary as to this point on appeal concerning the evidence submitted, we cannot find from the record or arguments of counsel that the court erroneously denied the appellant’s allegations as to conversion.
The final judgment being appealed is therefore affirmed.