367 So.2d 648 (1979)
Gordon R. GROSS, Not Individually but As Trustee of Dominion Mortgage and Realty Trust, a Massachusetts Business Trust, Appellant,
v.
CITY OF RIVIERA BEACH, a Municipal Corporation, et al., Appellees.
No. 77-1269.
District Court of Appeal of Florida, Fourth District.
January 24, 1979.
Rehearing Denied March 9, 1979.
*649 Sidney A. Stubbs, Jr. of Jones, Paine & Foster, P.A., West Palm Beach, and Larry A. Klein, West Palm Beach, for appellant.
Timothy P. McCarthy of Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, Palm Beach, for appellees/intervenors.
Allan V. Everard, Riviera Beach, for appellee/city.
BASKIN, NATALIE, Associate Judge.
This is an appeal from a Final Judgment denying equitable relief to Appellant-Mortgagee and enjoining the City of Riviera Beach from issuing a building permit for completion of Sandpiper Villas Condominium until its conforms to zoning ordinance requirements for parking.
We affirm the Final Judgment.
Six weeks after issuing a building permit in December, 1972 to the owner-developer of land on which a forty-four unit building was to be constructed, the City of Riviera Beach enacted a new zoning ordinance reducing density.[1] Appellant entered a construction loan agreement of $1,275,000 requiring a valid building permit and compliance with governmental regulations as conditions precedent to the loan. The construction loan agreement provided that if construction ceased for ten days or the property was abandoned by the owner, Appellant had the right, coupled with an irrevocable power of attorney, to enter and complete the project.[2] It was not, however, obligated to do so. The loan was secured by a mortgage.
Construction commenced under the 1972 building permit and continued until April or May of 1974. In the interim, the City of Riviera Beach enacted the new parking and landscape ordinances.
*650 When construction was approximately ninety percent complete, Appellant-Mortgagee filed for foreclosure. Judgment was entered some seventeen months later on April 12, 1976, after vigorously contested litigation. Appellant purchased the property for $10,000 at the foreclosure sale. No effort had been made by Appellant to maintain or extend the building permit.
The City then advised Appellant the 1972 building permit was void since the project did not conform with revised zoning ordinances. A new building permit was issued in June, 1976, conditioned upon Appellant obtaining variances before a certificate of occupancy would be issued. Variances, opposed by adjoining property owners, Intervenors in this cause, were denied based upon inadequate parking and lack of safety in backing onto public streets.
The trial court predicated its denial of equitable relief and injunction upon its finding that the construction loan agreement gave Appellant the absolute irrevocable right to take possession of the project should the borrower cease construction for a period of ten days or in the event the borrower abandoned the project. The trial court found that construction did cease and the project was abandoned for a period substantially in excess of one continuous year during which Appellant made no effort to exercise its rights and take possession of the property to complete the project. The trial court also found that Appellant allowed the original building permit to expire creating the situation leading to this litigation by its own inaction.
Appellant contends on appeal that as Mortgagee it had no proprietary interest in the condominium by virtue of its construction mortgage, but was merely the holder of a lien on the property, relying on the issuance of the original building permit in making its construction loan and expenditures of over a million dollars. It maintains it was under no obligation to complete the project and that it did not have the right to take possession under Florida law. Appellant contends the City should be equitably estopped from requiring it to bring the project in compliance with revised ordinances which would render marketing unfeasible. Appellant asserts that lengthy litigation prior to foreclosure indicated that although construction ceased, it did not abandon the project, and that undue hardship would result from the decision of the trial court effectively forfeiting the entire project.
Although Appellant was merely the holder of a lien on the property under Florida Statute 697.02,[3] it had the right to complete construction under its contract.
If Appellant were reluctant to proceed under the contract, it still had a sufficient basis to request permission from the court either to extend the building permit, or to enter and renew construction to prevent waste.
In Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976), the court stated:
"... the doctrine of equitable estoppel will preclude a municipality from exercising its zoning power where . . `[A] property owner (1) in good faith (2) upon such act or omission of the government (3) has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right he acquired. Salkolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963).'"
Under the terms of the construction loan agreement, Appellant had an irrevocable power of attorney in the event construction ceased for ten days to enter upon the land and complete the project without notice to the borrower. Failure to exercise its contractual power caused Appellant's building permit to lapse, not good faith reliance upon governmental acts or omissions.
It is the prevailing rule in this jurisdiction that an appellate court cannot re-evaluate *651 the evidence and substitute its judgment for that of the trial court. Hollywood Beach Hotel Co., supra.
Because we agree with the trial court that Appellant's damage resulted from its own inaction, it is not necessary for us to determine whether Appellant is able to seek equitable estoppel as an owner to continue a nonconforming use.
The decision of the trial court produced a harsh and expensive result for the condominium owner, but Appellant's hardship was self-created and could have been avoided by appropriate recourse to the courts. "When the owner himself by his own conduct creates the exact hardship which he alleges to exist, he certainly should not be permitted to take advantage of it." Josephson v. Autrey, 96 So.2d 784 (Fla. 1957).
The cessation in construction rendering the December, 1973 building permit void precluded Appellant from raising the issue of equitable estoppel thus requiring it to bring the entire project into compliance with the revised ordinances.
We affirm the decision of the trial court.
ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] 1973 ordinances would permit 23 apartments instead of 44, 77 off-street parking spaces instead of 100, and would require landscaping around the perimeter of the building.
[2] Ordinances of the City of Riviera Beach provide that if construction ceases for a period of 90 days, a building permit becomes void.
[3] Florida Statute 697.02: "A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession."