379 So.2d 719 (1980)
James McCREADY, Appellant,
v.
The VILLAS APARTMENTS, Appellee.
No. 79-661/T4-463.
District Court of Appeal of Florida, Fifth District.
February 13, 1980.
Leslie King O'Neal, James W. Markel and Alan F. Scott, Jr., of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellant.
Bill McCabe, of Shepherd, McCabe & Cooley and Edmund T. Woolfolk, of Walker & Buckmaster, Orlando, for appellee.
PER CURIAM.
James McCready appeals from an order which simply reads "The Motion of THE VILLAS APARTMENTS and INSURANCE COMPANY OF NORTH AMERICA, for Summary Judgment is granted."
The appealability of that order has not been raised. We raise it on our own.
An order simply granting a motion for summary judgment is not a final judgment and is not an order that can be appealed. Pompano Paint Co. v. Pompano Beach Bank and Trust Co., 208 So.2d 152 (Fla. 4th DCA 1968); Bailey v. Allstate Insurance Company, 218 So.2d 761 (Fla. 2nd DCA 1969); Renard v. Kirkeby Hotels, Inc., 99 So.2d 719 (Fla. 3rd DCA 1958); Haddad, Partial `Final' Judgments, 53 Fla.B.J. 204 (Oct. 1979). Thus we must dismiss this appeal.
APPEAL DISMISSED, sua sponte.
CROSS, J., and McDONALD, PARKER LEE, Associate Judge, concur.
DAUKSCH, C.J., concurs specially with opinion.
DAUKSCH, Chief Justice, concurring specially:
While I quite agree with the dismissal of this appeal, I suggest a change in the appellate rules to relax such a formalistic requirement to save the embarrassment and expense, not to mention the judicial labor, incurred in cases such as these. Why can't we say the granting of a motion for summary judgment is just as appealable as the inevitable judgment itself if the order essentially meets the finality requirements? The case law, of course, is quite clear and a rule change is required, if desired.
Since we are acting sua sponte in this matter, I cannot help wonder aloud how one can sue "The Villas Apartments." Is that the curious name of a natural person? I suspect not. It certainly is not a corporation because the word or one of the abbreviated indications is not there. Thus, the only way the appellee could be deemed a form of legal entity is if someone, either a corporation or a natural person, has filed under the Fictitious Name Statute to use the name "The Villas Apartments". In such event, appellant should sue the one who registers the name, not the name.