388 So.2d 1053 (1980)
Rene PALARDY and Claudia Palardy, Appellants,
v.
Vladimar IGREC, Maria Igrec, DaRose Properties, Inc., a Florida Corporation, John Iwaskiewych and Vera Iwaskiewych, His Wife and First Federal of Broward, Appellees.
No. 79-1940.
District Court of Appeal of Florida, Fourth District.
September 10, 1980.
Rehearing Denied October 31, 1980.
*1054 Howard L. Conklin of Tripp & Conklin, Fort Lauderdale, for appellants.
Myron H. Burnstein of Salter, Yeslow & Burnstein, Hollywood, for appellees-Iwaskiewych.
HURLEY, Judge.
Appellants, defendants below, appeal from an adverse final judgment. We affirm in part and reverse in part.
Appellants, Mr. and Mrs. Palardy, purchased a motel in Hollywood, Florida. In doing so they assumed two existing mortgages and gave the sellers a purchase money mortgage. Thus, the motel was encumbered by a first, second and third mortgage. On November 17, 1978, the second mortgage holders filed an action to foreclose their mortgage. The complaint alleged that the Palardys defaulted on the note and mortgage by failing to make the October 1, 1978 payment ($305.00-interest on the principal) and a subsequent balloon payment. The first and third mortgagees were also named as defendants in this action.
Next, the holders of the third mortgage filed a cross complaint against the Palardys seeking to foreclose the third mortgage. It was alleged that the Palardys defaulted on the second mortgage which under the terms of the third mortgage entitled the third mortgagee to immediate foreclosure. The litigation then proceeded with both the second and third mortgagees filing motions for summary judgment. Each movant also filed an affidavit in support of the motion for summary judgment. The Palardys responded by filing a counter-affidavit which contained the following averments regarding the second mortgage:
1. That interest on the note sued upon by Plaintiffs was timely made for the October 1, 1978 payment.
2. That Plaintiffs did not allow the 30 days grace period as provided for in Paragraph 7 of the mortgage agreement.
Prior to the summary judgment hearing, the third mortgagee paid the second mortgagee the full amount due under the second mortgage. The court then entered an "order of redemption"[1] containing the following decretal provisions:

*1055 1. Plaintiffs' [second mortgagees] Motion for Summary Judgment be, and the same is granted.
2. The redemption by defendants, cross-plaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH [third mortgagees], is confirmed, and the amounts paid therefor may be added to the amounts due crossplaintiffs under their mortgage, as may be ultimately determined by the court.
3. This cause is hereby dismissed, with prejudice, as to VLADIMAR IGREC and MARIA IGREC [second mortgagees/plaintiffs in this action], DaROSE PROPERTIES, INC., and FIRST FEDERAL OF BROWARD [first mortgagee], and shall continue on the crosscomplaint of JOHN IWASKIEWYCH and VERA IWASKIEWYCH, who shall be substituted as parties plaintiff.
4. The motion for summary judgment of defendants, crossplaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, is hereby denied, and final hearing in this cause is hereby set for July 16, 1979, at 1:30 p.m.
DONE AND ORDERED in chambers, Broward County Court House, Fort Lauderdale, Florida this 21st day of February, 1979.
Inasmuch as the above order permitted the third mortgagees to be substituted as plaintiffs in place of the dismissed second mortgagees, the court also permitted the Palardys to file a crossclaim or what ought to have been denominated as a counterclaim against the third mortgagees/now-plaintiffs. The crossclaim sought rescission of both the contract to purchase the motel and the deed, due to alleged fraud and misrepresentation by the sellers/third mortgagees/now-plaintiffs. As framed by the pleadings, there remained two issues for trial: (1) the third mortgage holders' right to foreclose their mortgage and (2) the purchasers'/mortgagors' action for rescission. After a bench trial, the court found that the Palardys had failed to establish fraud sufficient to justify rescission; it further held that the third mortgagees were entitled to foreclosure. A final judgment was entered *1056 granting foreclosure on the third mortgage and entitling the third mortgagees to receive the sum of $168,155.41. That amount was subdivided as follows:

Principal [third mortgage] ...................... $98,736.90
Interest 11/3/78 through
 8/3/78 (sic) .................................. 7,351.70
Payment to second mortgagee
 (Igrec) ....................................... 45,031.71
Interest 2/11/79 through
 8/3/79 ........................................ 2,035.60
Attorney's fee awarded .......................... 15,000.00
 __________
 $168,155.41 (sic)

The Palardys raise two points on this appeal from the final judgment. First, they claim that the court's verdict on their cross complaint for rescission was against the manifest weight of the evidence. Second, they argue that the trial court erred in granting summary judgment to foreclose the second mortgage since there existed genuine issues of material fact. Assuming this to be true, they continue, the court erred in granting foreclosure on the third mortgage because the latter action was exclusively predicated on the second mortgagee's right to foreclose.
We start with the issue of rescission and note that a trial court's judgment comes to us clothed with a presumption of validity and correctness. Southeast Bank of Deerfield Beach v. Ralph C. Jackson Realty, Inc., 354 So.2d 1217 (Fla. 4th DCA 1978). It is the prerogative of the trial court to evaluate and weigh conflicting testimony after observing the bearing, demeanor and credibility of the witnesses in court. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). Indeed, it is the duty of this court to affirm a judgment which is supported by competent evidence. Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972). Applying these standards to the evidence adduced below, we conclude that the trial court's judgment on the issue of rescission is supported by competent evidence and consequently we affirm that portion of the judgment.
As we move to the second issue on appeal, the propriety of granting summary judgment to foreclose the second mortgage, we meet appellees' strenuous objection that this argument comes too late, that no timely appeal was taken from the order of redemption and that, consequently, the Palardys are precluded from questioning the summary judgment at this time. In short, appellees argue that the summary judgment and the matters litigated therein are res judicata and bind the parties in this action. The Palardys respond that the order of redemption was non-final and not subject to interlocutory appeal. They claim that the instant final judgment is the first opportunity that they have had to seek appellate review.
We have studied the order of redemption and conclude that the appellants are correct. It is a non-final order not subject to interlocutory appeal and, therefore, appellants may now test its validity. Our decision is based on the line of cases holding that an order which grants summary judgment but fails to contain the traditional words of a final judgment or their equivalent is a non-final order not subject to interlocutory appeal. McCready v. Villas Apartments, 379 So.2d 719 (Fla. 5th DCA 1980); Bailey v. Allstate Insurance Co., 218 So.2d 761 (Fla.2d DCA 1969); Pompano Paint Co. v. Pompano Beach Bank and Trust Co., 208 So.2d 152 (Fla. 4th DCA 1968); Williams v. Maddren, 147 So.2d 572 (Fla.2d DCA 1962). We find further support for this conclusion in the language of the order itself. Its verbiage explicitly contemplates the eventual entry of a final judgment and, consequently, it cannot be said that the order of redemption evidences the end of judicial labor, or is the pronouncement of the ultimate conclusion of the court upon the case. Cf. Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954); Wolf v. Cleveland Electric Co., Inc., 58 So.2d 153 (Fla. 1952); Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951); Chan v. Brunswick Corp., 388 So.2d 274 (Fla. 4th DCA 1980).
The order of redemption in this case dismissed the plaintiff/second mortgagee/movant for summary judgment, with *1057 prejudice. We acknowledge that other courts have considered a dismissal with prejudice as a factor pointing toward finality. Slatcoff v. Dezen, supra; Hotel Roosevelt Co., Inc. v. City of Jacksonville, 192 So.2d 334 (Fla. 1st DCA 1966). However, the dismissal in the case at bar was not causally related to the court's decision to grant summary judgment and, therefore, is not indicative of finality. The original plaintiffs were dismissed only because the third mortgagees fully satisfied the second mortgage and thereby became entitled to step into the shoes of the original plaintiffs with all the rights, privileges and obligations entailed therein. While the parties may have intended that the order be final, it fails to meet the established criteria for finality.
Thus, we consider appellants' contention that the trial court erred in granting summary judgment to foreclose the second mortgage. As we noted earlier, affidavits were filed in support of, and in opposition to, the motion for summary judgment. Looking at the second mortgagees' affidavit, we find it incorporated the allegations of the complaint by reference and thereby averred in part that the payment due on October 1, 1978, was not made. The Palardys' affidavit directly contradicted this and expressly stated that the payment was made. The affidavits are in irreconcilable conflict which demonstrates the existence of a genuine issue of material fact and which precludes the entry of summary final judgment. Pompano Paint Co. v. Pompano Beach Bank & Trust Co., supra. In reaching this decision we have limited ourselves to the most obvious ground presented by the affidavits and have not treated appellants' affirmative defense and assertion in the affidavit that the second mortgagee failed to allow a thirty day grace period prior to instituting suit.
We are aware of the third mortgagees' contention that they are entitled to foreclosure because of the provision in the third mortgage which merely requires a finding of default on the second mortgage as opposed to foreclosure. While this provision admittedly exists,[2] appellees did not prove a separate default at trial. All the evidence offered to justify foreclosure of the third mortgage hinged on the order of redemption and the fact that the trial court granted summary judgment to foreclose the second mortgage. Thus, according to appellees' trial strategy, the right to foreclose the third mortgage was solely predicated upon the right to foreclose the second. Since we have decided that summary judgment was improvidently entered to foreclose the second mortgage, we must reverse the foreclosure of the third as well.
Accordingly, the judgment is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this opinion.
MOORE and BERANEK, JJ., concur.
NOTES
[1] The complete text of the order is as follows: (Caption)

ORDER OF REDEMPTION
THIS MATTER having come on to be heard on Motion for Summary Judgment of plaintiffs, VLADIMAR IGREC and MARIA IGREC, and defendants, crossplaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, with Jack L. Herskowitz appearing in behalf of plaintiffs, Myron H. Burnstein appearing in behalf of defendants, crossplaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, and Howard L. Conklin appearing in behalf of defendants, RENE PALARDY and CLAUDIA PALARDY, and no one appearing for the remaining defendants, and it appearing in open court that the defendants, crossplaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, have made and tendered to plaintiffs, VLADIMAR IGREC and MARIA IGREC, and plaintiffs have acknowledged and received, the sum of $45,031.71, comprising principal in the amount of $41,838.21, interest in the amount of $1,605.00, and costs and attorney's fees in the amount of $1,588.50, in redemption and satisfaction of plaintiffs' mortgage, the court is of the opinion that the same represents complete redemption of plaintiffs' mortgage lien, and accordingly, it is, upon stipulation,
ORDERED AND ADJUDGED as follows:
1. Plaintiffs' Motion for Summary Judgment be, and the same is granted.
2. The redemption by defendants, cross-plaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, is confirmed, and the amounts paid therefor may be added to the amounts due crossplaintiffs under their mortgage, as may be ultimately determined by the court.
3. This cause is hereby dismissed, with prejudice, as to VLADIMAR IGREC and MARIA IGREC, DaROSE PROPERTIES, INC., and FIRST FEDERAL OF BROWARD, and shall continue on the crosscomplaint of JOHN IWASKIEWYCH and VERA IWASKIEWYCH, who shall be substituted as parties plaintiff.
4. The motion for summary judgment of defendants, crossplaintiffs, JOHN IWASKIEWYCH and VERA IWASKIEWYCH, is hereby denied, and final hearing in this cause is hereby set for July 16, 1979 at 1:30 p.m.
DONE AND ORDERED in chambers, Broward County Court House, Fort Lauderdale, Florida this 21st day of February, 1979.
 /s/ Russell E. Seay, Jr.
 CIRCUIT COURT JUDGE
Receipt of the sum of $45,031.71 in behalf of the redemption aforesaid is hereby acknowledged.
/s/ Jack L. Herskowitz
Jack L. Herskowitz
as Attorney for Vladimar Igrec and Maria Igrec
copies furnished counsel.
[2] Paragraph ten of the third mortgage states:

That the whole of said principal sum shall immediately become due at the option of the Mortgagee, after default in the performance of any of the terms, provisions, covenants, or agreements contained in any prior mortgage that may be a superior lien upon said premises or should any action be commenced to foreclose any such prior mortgage.