400 So.2d 168 (1981)
Allen L. ATKINS, Appellant,
v.
Leonard KELLER, D/B/a Leonard Keller Realty, and Keller Realty Corporation, a Florida Corporation, Appellees.
No. 80-2379.
District Court of Appeal of Florida, Third District.
June 23, 1981.
Cohen & Manheimer and Peter Manheimer, Miami Beach, for appellant.
Shorenstein & Lewis and Marvin W. Lewis, Miami Beach, for appellees.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The defendant, Allen Atkins, appeals from a final judgment entered in favor of Leonard Keller, d/b/a Leonard Keller Realty and Keller Realty Corp.
Pursuant to a brochure sent by Atkins (Seller) to Keller, a registered broker in the State of Florida (Broker), concerning certain property owned by the Seller, the two parties entered negotiations which resulted in a written contract of February, 1980, which the Seller rejected because of dissatisfaction with certain provisions relating to partial releases of mortgages and because of the failure to provide for a personal guaranty or bank letter of credit which would provide additional security for the proposed purchase money mortgage. The Broker acknowledges that the demand of the Seller for a personal guaranty or bank letter of credit created a problem, prompting a conference telephone call among the Seller, the Broker and the attorney for the prospective purchaser. At this time, the Seller withdrew this demand and the prospective *169 purchaser's attorney thereupon prepared a contract including certain modifications requested by the Seller. At the Seller's request, the contract was forwarded to a Mr. Nixon at the Pan American Bank of Orlando (Nixon was the trustee for a land trust that included the real property). Thereafter, the Seller would not sign the contract, nor would he allow Nixon to do so. The Broker, having found a purchaser willing to fulfill the Seller's requirements for sale, demanded his $65,000.00 commission (as provided for in the contract) from the Seller, who refused to pay. A law suit by the Broker was then filed, resulting in a judgment in favor of the Broker for the principal amount of $65,000.00 plus costs ($546.41), which read in part as follows:
... .
"THIS CAUSE came on to be heard before the Court, without a jury, and the Court having considered the matters set forth in the pleadings, the testimony elicited at the trial of this case, as well as the documentary evidence produced by the respective parties and having heard argument of counsel and being otherwise fully advised in the premises finds that based upon the credible evidence adduced in this cause:
(a) It is undisputed that the Plaintiffs are and at all times were licensed real estate brokers.
(b) The Defendant, by means of an oral open listing submitted certain real estate owned by the Defendant, title to which was held in the name of Pan American Bank of Orlando, to the Plaintiffs, as a broker.
(c) Pursuant to the terms of said oral listing and as subsequently acquiesced and approved by the Defendant, Plaintiffs procured a Purchaser to said property, who was ready, willing and able to consummate the purchase of said property, upon the terms agreed upon by the Defendant, as Seller, and Plaintiffs' prospective Purchaser.
(d) Said terms were embodied in a revised draft of the Contract for Sale of Real Estate prepared by the attorney for the prospective Purchaser, and said document, which contained all of the revisions requested by the Defendant, was submitted to the Defendant for execution.
(e) The failure of the transaction to be consummated was not due to the fault of the Plaintiffs, who had fully performed their obligations to the Defendant.
... .
Following the denial of the Seller's motion for a new trial, this appeal ensued. We affirm.
If there is substantial competent evidence in the record to support the facts as found by the trier of fact, we are required to affirm. Raulerson v. Metzger, 375 So.2d 576 (Fla. 5th DCA 1979); Palardy v. Igrec, 388 So.2d 1053 (Fla. 4th DCA 1980); Calvert Fire Insurance Company v. Tarr, 391 So.2d 244 (Fla. 3d DCA 1981). We are not at liberty to substitute our view of the facts for that as found by the trier of fact if there was any credible evidence to support his finding. Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Delgado v. Strong, 360 So.2d 73 (Fla. 1978); Gross v. City of Riviera Beach, 367 So.2d 648 (Fla. 4th DCA 1979). In view of his finding that as a matter of fact there was a meeting of the minds between the Seller and the Purchaser, we have no alternative but to affirm the award of the commission to the Broker. Bankers Life and Casualty Company v. Pinkerton-Hays Lumber Company, 186 So.2d 551 (Fla. 3d DCA 1966); Westerman v. Shell's City, Inc., supra; Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). The appellant relies principally upon McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla. 1957) in support of his appeal, contending that the trial judge committed error. We find this case not to be controlling. The instant action involved the sale of acreage with installment payments for a period of five years. The McAllister action involved the sale of a 500-room hotel, an arcade containing a number of shops, and a problem with an underlying mortgage (or mortgages). No agreement was made as to disposition of existing leases or employment contracts necessarily involved therein. The transactions are not similar.
*170 Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.