Samuel Bingham's Sons Manufacturing Company v. Metropolis Publishing Company.

161 So. 426.
Opinion Filed May 15, 1935.

*Worley & Gautier,* for Petitioner;

*Edward E. Fleming,* for Respondent.

Davis, J.—Samuel Bingham's Sons Manufacturing Company, as plaintiff, sued Metropolis Publishing Company, as defendant, in an action at law on an open account. The verdict and judgment of the Civil Court of Record of Dade County were in favor of the defendant. The Circuit Court (Atkinson, Thompson and Trammell, Circuit Judges, concurring) affirmed. The case is now in the Supreme Court on the unsuccessful plaintiff's application for certiorari to the appellate judgment of the Circuit Court.

The opinion of the Circuit Court prepared by Circuit Judge Atkinson was as follows:

"Plaintiff in error, plaintiff in the Court below, brought suit against defendant in error, defendant in the court below, to recover alleged balance due plaintiff by the defendant on an open account. There was verdict and judgment for the defendant, and plaintiff brings error.

"The declaration in this cause is upon the common counts. If plaintiff can recover in this action it must be upon the count for work done and material furnished and not upon the count for goods sold and delivered.

"Defendant in the court below filed many pleas among which is the plea of the statute of limitations. The evidence shows that defendant paid plaintiff for the rollers defendant had used and repudiated the balance of the account. Defendant had a right to designate the items in the invoice which it wished to pay. Nevertheless, plaintiff accepted the check as a payment on account and sued for the balance. The suit was not brought within three years from the time the work was done and the material furnished and there is some dispute as to whether the action was brought within three years from the date of payment on account. However, in my view of the case, this is immaterial. Plaintiff had a right to sue for the balance at any time within the three years, but failed to do so. The trial judge directed a verdict for the defendant and stated his reasons for so doing. Without passing upon the points of law raised by the court in his order directing a verdict, we think it was proper for the defendant in this case. The judgment is affirmed.

"Dated at Miami, Florida, this 10th day of August, 1934.

"H. F. ATKINSON,

"*Circuit Judge.*"

Our own investigation of the transcript presented and filed here in support of the petition for certiorari verifies and confirms the correctness of the Circuit Court's opinion and judgment in this case.* Therefore the petition for

---

*The total amount of the work done and materials furnished was originally $6,502.20. Defendant repudiated the whole transaction because of an alleged breach of warranty as to quality,

certiorari is denied for the reasons stated in the Circuit Court's opinion, which opinion we adopt and approve as our own in refusing certiorari in this case.

Certiorari denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

but tendered and paid in the sum of $1,562.40 as a sort of *quantum meruit* appraisement of the benefit it had accepted for materials it had used in its business thereby foreclosing any controversy as to *quantum meruit*. The cause of action to recover on the repudiated transaction arose when the repudiation took place. This, it appears. was more than three years before the suit was instituted. The payment relied on as a part payment on account was not the kind of payment that can be construed as a part payment on account sufficient to interrupt the bar of the statute of limitations. This is so because the evidence shows that what payment was made, was not made as a part payment *per se,* but intended as a full discharge of the whole account. Such full discharge plaintiff refused to acknowledge, but did accept the defendant's check and, of its own volition. and without the consent of the defendant. credited as a part payment only, instead of a full payment and, after so doing, then sued defendant as for a balance on account due.