This is an appeal from a denial of this appellant's pro se
petition for writ of error coram nobis after an evidentiary hearing thereon. The petition was filed with the Clerk of the Circuit Court of Houston County, by which petitioner sought to nullify a then three-month-old conviction for an assault in the first degree and a sentence thereon to imprisonment for twenty years. The trial of the case was also in the Houston County Circuit Court, before a jury and the same judge who conducted the hearing and rendered the judgment upon which this appeal is based. In accordance with the prayer of the petition, the court appointed an attorney to represent petitioner on the hearing and on this appeal. Said attorney has filed a brief in which he summarizes the grounds set forth in the petition for writ of error coram nobis as follows:
"(1) Ineffective assistance of counsel.
"(2) Newly discovered evidence.
"(3) Suppression of evidence.
 "(4) That the Court erred in sentencing the Petitioner to an excessive period of time.
 "(5) That the Court erred in denying Petitioner's Motion for Judgment of Acquittal."
The appellant has also filed a brief while imprisoned at Elmore, Alabama, in which he sets forth the same grounds for relief on appeal that are stated in the brief of appellant's counsel.
In appellee's brief are set forth as dispositive issues the following:
 "I. Whether the Court erred in denying Appellant's Petition for Writ of Error Coram Nobis on the basis of newly discovered evidence.
 "II. Whether the Court erred in denying Petitioner's Writ of Error Coram Nobis on the basis that his trial attorney failed to timely file a notice of appeal [in the case in which this appellant was convicted and sentenced]."
In the light of the joinder of issues between appellant and appellee, we will not attempt to determine any question as to the sufficiency of the grounds set forth in appellant'spetition in the trial court to entitle him to coram nobis relief.
On the hearing of the petition, petitioner presented strong evidence to the effect that prior to the factual basis for his conviction of assault in the first degree, the alleged victim repeatedly announced his intention to kill Ted Weed, this appellant, and that such evidence was not presented to the jury on the trial of the case. There was some evidence on the hearing of the petition to the effect that defendant's trial attorney had been employed to represent defendant on appeal of his conviction and sentence.
On the hearing of the coram nobis petition, petitioner's trial attorney testified on call of the State. The testimony of said attorney was in pertinent part as follows:
"A. I was employed by Mr. Weed.
 "Q. All right. You were not employed by his family, is that correct?
"A. No, sir.
". . .
 "Q. During that trial, do you recall a letter being offered into evidence involving the prosecuting witness, Billy Wright?
"A. Yes, sir.
 "Q. And that you introduced that and had it admitted in evidence?
"A. Yes, sir.
 "Q. Okay. And was Mr. Wright also questioned about threats he had allegedly made to Mr. Weed prior to the altercation involved? *Page 894 
"A. Yes, sir.
". . .
 "A. I don't think I ever had any agreement to represent Tex Weed on the appeal. I dealt almost exclusively with the brother, Gene. And somewhat less with his mother, Ms. Suzie Weed.
 "Q. Okay. So, tell us what transpired between you and Mr. James Weed and Ms. Weed?
 "A. They were concerned about what the cost of the appeal would be. I talked with the Court Reporter to determine what the cost of the transcript would be. I gave them an estimation of the amount of time that I would have to expend and what the approximate fee for that would be. They asked me what I thought the probabilities of success would be and I told that, in my opinion, the probabilities of success were slim. That I did not think there was any error in the record. Later I did tell them that there is a possibility of one aspect of error in the record, but, that would not go to the guilt aspect, but, to the sentencing aspect. If I recall, at the sentence hearing, you [District Attorney] introduced over my objection a supposed conviction in Dale County, Alabama, and it was not shown that Mr. Weed was represented by counsel. I objected to that. My objection was overruled. In my opinion, that was error. However, it could be said to be error without injury because the sentence that Tex received which I was believe [sic] was a little harsh was within the area of punishment allowed.
 "Q. All right. In other words, if the conviction, as you maintain, was error, was thrown out, it still — the sentence he received was still within the range that would be applicable to this case even without that sentencing —
"A. In my opinion, yes.
"Q. Okay. Now —
 "A. After I talked with Gene Weed about that, he said not to go ahead. I went to the jail to tell Tex what Gene had said. Tex had been transferred to somewhere and time for appeal ran out shortly thereafter."
We are convinced that the trial judge, who heard the evidence on the trial of the case in which defendant (appellant) was convicted and sentenced and who heard the evidence presented on the hearing of the coram nobis petition, was not in error in determining that petitioner-appellant was not deprived of his right to effective assistance of counsel or in determining any and all other material issues presented on the hearing of the petition for writ of error coram nobis, including the contention of petitioner-appellant that his trial attorney should have given timely notice of an appeal, and that the judgment of the trial court in upholding its former judgment convicting this appellant of assault in the first degree should not be disturbed. Nevertheless, we are somewhat concerned as to whether the trial court would have fixed defendant's punishment at imprisonment for twenty-years if it had not been materially influenced to do so by reason of the previous felony conviction, as to which his trial attorney testified on the hearing of the coram nobis petition that "it was not shown that Mr. Weed was represented by counsel" in the felony case in which appellant herein was previously convicted. It has been recognized in several recent cases, including Douglas v. State, Ala. Cr. App., 406 So.2d 1051, writ denied, 406 So.2d 1053, that in accordance with Burgett v. Texas, 389 U.S. 109,88 S.Ct. 258, 19 L.Ed.2d 319 (1967), "A prior conviction can be used to enhance punishment only where it has first been affirmatively established that the defendant was represented by counsel or waived counsel at the time of the prior conviction." If such requirement of Burgett v. Texas, supra, is not met, it does not necessarily follow, as defendant's trial attorney questioned in his testimony, that any error by the trial court as to the extent of defendant's punishment would be "error without injury because" the sentence "was within the area of punishment allowed" at the time of the assault in the first degree. We are far from reasonably certain that the trial court would have *Page 895 
fixed the punishment at twenty years imprisonment if there had been no previous felony conviction that met the requirement ofBurgett v. Texas, supra.
The cause should be remanded to the trial court with directions that it conduct another sentence hearing, after due notice to the parties, at which hearing appellant and his trial attorney shall appear, for the purpose of determining whether appellant's prior felony conviction met the mentioned requirements. If the trial court determines that it did not, the trial court shall fix the punishment within the limits prescribed by the statutory law of Alabama for an assault in the first degree as the trial court in its sound discretion deems appropriate, without any enhancement thereof by reason of the previous felony conviction, and sentence defendant accordingly. The trial court shall make due return to the order of remandment with notice thereof to the parties. If this appellant is aggrieved thereby, his attorney will have twenty-eight days thereafter within which to file a brief and appellee will have fourteen days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
AFTER RETURN TO REMAND