SMITH, Judge.
Appellant filed a one count complaint seeking approximately $34,000 in damages based upon several unpaid invoices. The trial court entered an order granting partial summary judgment, which eliminated several invoices upon which recovery was sought on the grounds that they were barred by the statute of limitations. The order left pending two invoices, but because the two invoices did not meet the jurisdictional requirement of the circuit court, the cause was transferred to county court. Appellant appealed the order on summary judgment and the order amending order on summary judgment.
Neither of these orders contains words of finality and therefore they are not appealable orders. Morfi v. AIU Insurance Co., 479 So.2d 853 (Fla. 3d DCA 1985); Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); Bailey v. Allstate Ins. Co., 218 So.2d 761 (Fla. 2d DCA 1969); and Renard v. Kirkeby Hotels, 99 So.2d 719 (Fla. 3d DCA 1958). Further, the trial court’s order is not an appealable non-final order since the invoices upon which partial summary judgment was entered are interdependent with the pleaded claim remaining in the trial court. Stein v. Hospital Corp. of America, 481 So.2d 1264 (Fla. 4th DCA 1986) and Bay & Gulf Laundry Equipment Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615 (Fla. 2d DCA 1985); Piecemeal appeals will not be permitted where claims are legally interrelated, involve, in substance, the same transaction, and where the same parties remain in the law suit. Miami-Dade Water and Sewer Authority v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985); and Szewczyk v. Bayshore Properties, 456 So.2d 1294 (Fla. 2d DCA 1984).
However, since the partial summary judgment cannot be reviewed on plenary appeal from the final judgment in the county court, we will treat the appeal as a petition for writ of common law certiorari. Chrispen v. Heartz Penske Truck Leasing, Inc., 478 So.2d 120 (Fla. 4th DCA 1985). Having considered the matter, we find the trial court correctly ruled that appellee’s offer to pay $15,000 in full settlement of the $34,000 debt did not toll the statute of limitations on the disputed invoices. Samuel Bingham’s Sons Mfg. Co. v. Metropolis Publ. Co., 119 Fla. 333, 161 So. 426 (1935); and see 35 Fla.Jur.2d Limitations and Laches Section 70. Accordingly, the petition for writ of common law certiorari is denied.
MILLS and THOMPSON, JJ., concur.