609 So.2d 71 (1992)
Clayton D. DIXON, Jr. and Juanita Irene Dixon, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 91-3543.
District Court of Appeal of Florida, First District.
November 18, 1992.
T.A. Leonard of Lindsay, Andrews & Leonard, P.A., Milton, for appellants.
Charles L. Cetti, Pensacola, for appellee.
PER CURIAM.
Appellants, plaintiffs in the trial court, seek review of an "Order Granting Summary Judgment" and a subsequent order denying their motion for rehearing as to the "Order Granting Summary Judgment." From our review of the record, we have concluded that we lack jurisdiction to hear this appeal and that, therefore, we must dismiss it.
It is unclear whether appellants are treating this appeal as one from a final order, or as one from an appealable non-final order. If the appeal is intended to be one from a final order, the notice of appeal fails to comply with Rule 9.110(d), Florida Rules of Appellate Procedure, which requires that the notice of appeal conform substantially to the form set out as Rule 9.900(a). If, on the other hand, the appeal is intended to be one from an appealable non-final order, the notice of appeal fails to comply with Rule 9.130(c), Florida Rules of Appellate Procedure, which requires that the notice of appeal conform substantially to the form set out as Rule 9.900(c). Instead of identifying the order being appealed as either a "final order" [Rule 9.900(a)] or a "non-final order" [Rule 9.900(c)], the notice of appeal merely states that "[t]he nature of the order to be reviewed is the granting of summary judgment ... and the ... order ... which denied plaintiffs' Motion for Rehearing."
The "Order Granting Summary Judgment," which is the real subject of this appeal, concludes with the following language:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED
1. The Defendant's Cross-Motion for Partial Summary Judgement as to the Plaintiffs' dwelling and debris removal claim is granted. Plaintiffs' Motion for Partial Summary Judgment is hereby denied.
2. Jurisdiction is hereby reserved for any and all other matters applicable to this case.

(Emphasis added.) Clearly, this is not an appealable non-final order pursuant to Rule 9.130(a)(3) because it does not fit within any of the limited categories of appealable non-final orders set out there. We believe that it is equally clear that it is not a "final order" for purposes of Rule 9.110. The "Order Granting Summary Judgment" merely grants "Defendant's Cross-Motion for Partial Summary Judgement as to the Plaintiffs' dwelling and debris removal claim," and denies "Plaintiffs' Motion for Partial Summary Judgement." From a plain reading of the language used, it does not purport to effect a final resolution of the litigation between the parties. On the contrary, it appears intended to resolve only one claim of appellants  the "dwelling *72 and debris removal claim." Moreover, it expressly reserves jurisdiction to consider and decide "any and all other matters applicable to this case." As far as we can determine from the record, no final judgment has ever been entered. See, e.g., BCH Mechanical, Inc. v. McCoy, 584 So.2d 1067 (Fla. 5th DCA 1991) (an order which merely grants a motion for summary judgment is not a final order). Accord Nolan's Towing and Recovery v. Marino Trucking, Inc., 581 So.2d 644 (Fla. 3d DCA 1991); Arcangeli v. Albertson's, Inc., 550 So.2d 557 (Fla. 5th DCA 1989) (en banc); Amelco Investment Corp. v. Bryant Electric Co., 487 So.2d 386 (Fla. 1st DCA 1986); Pompano Paint Co. v. Pompano Beach Bank & Trust Co., 208 So.2d 152 (Fla. 4th DCA 1968).
Because the "Order Granting Summary Judgment" is a non-appealable non-final order, this court lacks jurisdiction. Accordingly, we are constrained to dismiss this appeal. Of course, the dismissal is without prejudice to appellants' right to seek review after the entry of a final judgment.
APPEAL DISMISSED.
BOOTH, SHIVERS and WEBSTER, JJ., concur.