JOANOS, Judge.
The petition for certiorari is granted. The trial court entered an order granting respondents’ motion for summary judgment; however, that order contained none of the necessary language of finality. See, e.g., Amelco Investment Corp. v. Bryant Electric Co., 487 So.2d 386 (Fla. 1st DCA 1986). No final judgment was ever entered. See, e.g., Nolan’s Towing and Recovery v. Marino Trucking, Inc., 581 So.2d 644 (Fla. 3d DCA 1991); BCH Mechanical Inc. v. McCoy, 584 So.2d 1067 (Fla. 5th DCA 1991); and Arcangeli v. Albertson’s, Inc., 550 So.2d 557 (Fla. 5th DCA 1989), cited in Dixon v. Allstate Insurance Co., 609 So.2d 71 (Fla. 1st DCA 1992). The doctrine of laches, on which the trial court relied alternatively, does not apply since this case does not involve delay in institution of a suit founded on conduct by the respondents “giving rise to the situation of which complaint is made.” See 35 Fla. Jur.2d “Limitations and Laches” § 88. Therefore, the trial court departed from the essential requirements of the law in denying petitioner’s motion for entry of a final appeal-able order.
The “Order Denying Motion for Entry of a Final Appealable Order” is vacated and the trial court is directed to enter a final order.
WOLF and VAN NORTWICK, JJ., concur.