PER CURIAM.
Appellants, the defendants below, seek review of an “Order Granting Plaintiffs Motion to Strike Affirmative Defenses or for Judgment on the Pleadings or alternatively for summary Judgment” and a subsequent order denying their motion for rehearing. Because we conclude that we lack jurisdiction to hear this appeal, we are compelled to dismiss the appeal. See Dixon v. Allstate Ins. Co., 609 So.2d 71 (Fla. 1st DCA 1992); Northcutt v. Pathway Fin., 555 So.2d 868 (Fla. 3d DCA 1989); Smith v. Glisson, 468 So.2d 894 (Fla. 3d DCA 1985).
Significantly, the order on appeal concludes with the following language:
18. Rule of Civil Procedure 1.510(d) provides that the Court should specify and narrow the issues for trial where full and final judgment is not yet appropriate. Accordingly, this Court rules that:
a. The affirmative defenses do not bar Plaintiffs claim and they are hereby stricken and alternatively partial summary judgment on all of the remaining defenses in favor of Doehla is appropriate;
b. Plaintiff Gary Doehla has a valid judgment lien against The Property;
c. The amount of Plaintiffs claim has yet to be determined and will be determined by subsequent proceedings.
Because no final judgment has been entered and the order at issue does not fall within any of the limited categories of appealable non-final orders, we lack jurisdiction to entertain this appeal. The appeal is, therefore, dismissed without prejudice.
Appeal dismissed.